United States District Court
Southern District of Texas
FILED

JUN 2 5 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | |
| Charles B. FELDMAN dba | District Court Civil Case #B-03-CV-72 |
| Charles B. Feldman Investments | In Bankruptcy Case # 90-01254-B-11 |
| Debtor | In Chapter 11 |
| Colin Kelly KAUFMAN; Appellant | Appeal in Bkcy. Case #90-01254-B-11 |
| vs. | |
| Charles B. FELDMAN, Debtor, & | |
| Michael BOUDLOCHE, Appellees | |

Font: Korinna

### APPELLANT'S ORIGINAL RESPONSE TO APPELLEE MICHAEL BOUDLOCHE'S MOTION TO STAY APPEAL AND ALTERNATIVELY TO EXTEND BRIEFING DEADLINE

TO THE HONORABLE UNITED STATES DISTRICT BANKRUPTCY JUDGE:

NOW COMES Appellant C. K. Kaufman, and for his Original Response to Appellee Michael Boudloche's Motion to Stay Appeal and Alternatively to Extend Briefing Deadline, respectfully shows the Court as follows:

### I. Two Conflicting Positions.

0. <u>Attached Order</u>. Before the Fifth Circuit, Mr. Boudloche takes the position that the automatic stay applies to these appeals. See the enclosed suggestion, and Appellant's enclosed Response. In the bankruptcy court, Mr. Boudloche's position is that there can never be such a thing as an automatic stay, if the action sought to be dealt with was an order of the bankruptcy court. A bankruptcy court order sustaining Mr. Boudloche's position is enclosed as Exhibit NOSTAY. What is the effect of this order? This appeal involves an order of the bankruptcy court. The Fifth Circuit appeal involves an order of the

bankruptcy court. So, by Judge Schmidt's reasoning in the exhibit NOSTAY, neither this action nor the Fifth Circuit action could be stayed by Appellant's chapter 13 bankruptcy proceeding. So Mr. Boudloche's argues 180 degrees differently before the Fifth Circuit than he did before the bankruptcy court.

00. <u>Why Not Be Consistent</u>? Appellant does not pretend to this court that he believes the attached order is correct. Notice of appeal has already been given. Nor does Appellant believe the Fifth Circuit will accept it. Appellant just thinks judicial estoppel should keep Mr. Boudloche from taking completely opposite positions at the same time. Why should the automatic stay only apply to bar something the debtor wants to do – when Mr. Boudloche wants to do something, he is exempt from the automatic stay? Appellant suggests that either the stay applies or it doesn't. If it applied, Mr. Boudloche violated it. If it didn't apply, it still doesn't. It can't be the law that the debtor is the only person who is not protected by the automatic stay. The stay argument is wrong.

## II. <u>Response to Numbered Paragraphs</u>.

1. <u>Appeal</u>. Appellant admits appealing, as alleged in paragraph 1 of the Motion.

2. <u>Brief</u>. Appellant admits filing a brief, as alleged in paragraph 2 of the Motion.

3. <u>Conflicts</u>. Appellant admits taking the position that Mr. Mike Schmidt cannot lawfully represent three competing entities at the same time, somewhat as alleged in paragraph 3 of the Motion. He has already had his hearing on this matter; and Judge Schmidt has given us his advisory opinion. So the time having ALREADY PASSED to which a stay was requested, the request is moot. Appellant does not characterize his sending data to Judge Kazen as "filing a complaint." Judge Kazen ordered Appellant to keep him posted

on further developments in the case. Carrying out that duty is not "filing a complaint." Appellant reserves the right to file a complaint, however, if it seems the right thing to do at some appropriate time.

4. <u>Request for Relief</u>. The fourth paragraph of the motion, and its subparagraphs A & B, appear to contain requests for relief, and as such are not subject to being admitted or denied. If they allege the facts support granting the relief, Appellant denies it.

### III. Other Considerations.

5. <u>Extension</u>. Appellant does not oppose giving Appellee a reasonable extension of time to file a brief. Two weeks. A month. Whatever. Appellee has already had one extension, and so should not get an enormously long extension.

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully asks the court to deny a stay, but does not oppose an extension of time to file a brief.

Respectfully submitted,

_____
Colin Kelly Kaufman, in propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

### Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on

-3-

the persons shown on the Appellate Service List which follows, by U.S. mail, first class postage prepaid, this 25th day of June, 2003.

*Colin Kelly Kaufman*
Colin Kelly Kaufman

### Appeal Service List

1. Mike Schmidt, Esq.
   555 No. Carancahua Ste. 1550
   Corpus Christi, TX. 78478

   Telecopier (361) 884-6000

3. Matthew A. Rosenstein, Esq.
   420 American Bk. Plaza
   Corpus Christi, TX. 78475

   Telecopier (361) 883-5590

5. Colin Kelly Kaufman, Esq.
   PO Box 1662
   Corpus Christi, TX. 78403-1662

   Telecopier (361) 888-8172

2. James P. Moon, Esq.
   1600 No. Hampton Rd., Ste. 202
   DeSoto, TX. 75115

   Telecopier (469) 567-1533

4. Ron Simank, Esq.
   Schauer & Simank, Attys.
   615 N. Upper Broadway Ste. 2000
   Corpus Christi, TX. 78477

   Telecopier (361) 884-2822