CIVIL CASE #B-03-072

United States District Court
Southern District of Texas
FILED

JUL 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE:<br>Charles B. FELDMAN dba FELDMAN INVESTMENTS,<br><u>Debtor</u> | District Court Civ. Case #B-03-072 |
| Colin Kelly KAUFMAN, Appellant<br>vs.<br><u>Michael BOUDLOCHE, Appellee</u> | Bankruptcy Case 90-01254-B-11 |

Font: Korinna 14 point

APPELLANT COLIN KELLY KAUFMAN'S REPLY BRIEF
ON APPEAL OF COMPROMISE AND SETTLEMENT OF ADVERSARY
TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

---

Respectfully Submitted by:

Colin Kelly Kaufman, Attorney at Law
1106 Third Street 78404-2312
P.O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

email address: colinkellykaufman@yahoo.com

CIVIL CASE #B-03-072

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE:<br>Charles B. FELDMAN dba FELDMAN INVESTMENTS,<br>Debtor | District Court Civ. Case #B-03-072 |
| Colin Kelly KAUFMAN, Appellant<br>vs.<br>Michael BOUDLOCHE, Appellee | Appeal of<br>Bankruptcy Case #90-01254-B-11 |

Table of Contents of Appellant Colin Kelly Kaufman's
Reply Brief on Appeal of Compromise and Settlement of Adversary

Table of Cases and Authorities..................................................................................i

Table of Statutes and Rules......................................................................................ii

I. Table of Reply Issues Presented...........................................................................1

II. Reply Argument....................................................................................................2

    A. Mistakes............................................................................................................2

        1. Final Judgment.............................................................................................2
        2. Proposed Final Report.................................................................................2
            Footnote 1 (Mr. Boudloche's typical lack of care)..............................2

    B. Standing............................................................................................................3

            Footnote 2 (cases on constitutional standing)....................................3
            Footnote 3 (case on statutory standing)..............................................3
        1. Appellant Qualifies.......................................................................................3
            Footnote 4 (cases on attorneys as being creditors)..........................4
            Footnote 5 (cases on contingent creditors).........................................4
        2. Other Entity..................................................................................................4
        3. Andrews........................................................................................................5
        4. Amicus Curiae..............................................................................................5
        5. Derivative Standing.....................................................................................6

    C. Approval Out of Ignorance..................................................................................7

        1. A Simple Concept............................................................................................7
            Footnote 6 (Not possible that Mr. Boudloche checked expenses).......7
        2. Ignorance Destroys Appellee's Testimony..................................................8
            Footnote 7 (this is like trading Manhattan for $24 worth of beads)......8
        3. Presumption Disappears................................................................................8
            Footnote 8 (greed increases, not decreases knowledge of money).....9

    D. Other Things That Are Not "Mistakes", Because Intentional, But
       Are Still Wrong.........................................................................................................9

        1. *Sub Rosa* Plan Doctrine..................................................................................10
        2. Evidence Against Mr. Boudloche's Settlement...........................................10
            Footnote 9 (Mr. Boudloche cannot refute when he doesn't know).....11
        3. Cost of Litigation.............................................................................................11

III. What Appellees Omit..............................................................................................................12

    A. Concessions............................................................................................................12

        1. Effect of Reversal on Appeal........................................................................12
        2. Settling Was Action in Reliance...................................................................12

IV. Conclusion...............................................................................................................................12

Signature...........................................................................................................................................13

Certificate of Service.......................................................................................................................13

Appeals Service List.........................................................................................................................14

## Table of Citations

American Surety Co. of N.Y. v. Marotta, 287 U.S. 513, ___ S.Ct. ___, ___ L.Ed. ___
(1933)..................................................................................................................fn. 5, p. 4

In re Andrews, 239 F.3d 708, 710 (5th Cir. 2001)..........................................................p. 5

Castle Cotton Mills Co. v. Gardner, 207 F.2d 690 (9th Cir. 1953)..........................fn. 4, p. 4

Coke, Lord Justice Edward, Coke on Littleton (1607).....................................................p. 9

In re C-Power Prods., Inc., 230 B.R. 800 (Bkcy., ND Tex. 1998)..........................fn. 2, p. 3

In re Energy Coop., Inc., 886 F.2d 921 (7th Cir. 1989)..................................................p. 8

In re El Paso Refinery, L.P., 37 F.3d 230 (5th Cir. 1994).......................................fn. 2, p. 3

In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977)....................fn. 4, p. 4

In re Hines (Gordon v. Hines), 147 F.3d 1185 (9th Cir. 1998)...............................fn. 4, p. 4

Prof. C. Kaufman, "The Scientific Method in Legal Thought: Legal Realism and
the Fourteen Principles of Justice," 12 St. Mary's L. J. 77 (1981)..................................p. 9

In re Keyworth, 47 B.R. 966 (D Colo. 1985).........................................................fn. 4, p. 4

In re Klein, 226 B.R. 542, at 544, 33 B.C.D. 441 (Bkcy., D N.J. 1998)................fn. 4, p. 4

In re Pointer (City of Farmers Branch v. Pointer), 952 F.2d 82, 85 (5th Cir. 1992),
cert. denied, 505 U.S. 1222, 112 S.Ct. 3035, 120 L.Ed. 2d 904 (1992)................fn. 3, p. 3

In re Price, 173 B.R. 434 (Bkcy., ND Ga. 1994)....................................................fn. 2, p. 3

In re Southmark Corp., 88 F.3d 311, 318, fn. 32 (5th Cir. 1996)............................fn. 5, p. 4

In re Wells, 87 B.R. 732 (Bkcy., ND Ga. 1988)...........................................fn. 4, p. 4, p. 5

In re Town of Westlake, 211 B.R. 860 (Bkcy., ND Tex. 1997)...............................fn. 4, p. 4

## Table of Statutes and Rules on Appeal

P. 3..................................................Bankruptcy Code (Title 11, U.S. Code), Sec. 101(5)(A):

Sec. 101. **Definitions.** In this title –

    (5) "claim" means –

        (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured;


Pp. 3, 4..................................................................................Rule 9019(a), F.R.Bkcy.P.:

Rule 9019. **Compromise and Arbitration.**
    (a) *Compromise.* On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Font: Korinna 14

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Colin Kelly Kaufman, former plan trustee in the captioned case and the Appellant, and respectfully shows the Court as follows:

I. <u>Table of Reply Issues Presented</u>.

    A. <u>Mistakes</u>. Appellees make certain mistakes in statements made in their brief.

        1. <u>Final Judgment</u>.

        2. <u>Proposed Final Report</u>.

    B. <u>Standing</u>.

        1. <u>Appellant Qualifies</u>.

        2. <u>Other Entity</u>.

        3. <u>Andrews</u>.

        4. Amicus Curiae.

        5. Derivative Standing.

    C. <u>Approval Out of Ignorance</u>.

        1. <u>A Simple Concept</u>.

        2. <u>Ignorance Destroys Appellee's Testimony</u>.

        3. <u>Presumption Disappears</u>.

D. <u>Other Things That Are Not "Mistakes", Because Intentional, But Are Still Wrong</u>.

    1. *Sub Rosa* Plan Doctrine.

    2. <u>Evidence Against Mr. Boudloche's Settlement</u>.

II. <u>Reply Argument</u>.

A. <u>Mistakes</u>. The brief of the Appellees makes some statements that can hardly be called anything other than errors – plain old mistakes.

    1. <u>Final Judgment</u>. On p. 3, first full sentence, of Appellee's brief, Appellee says that there is a "final judgment" against Appellant, but neglects to mention that this judgment is before the Fifth Circuit on a timely, pending appeal. So it is not "final" yet.

    2. <u>Proposed Final Report</u>. On p. 3, middle paragraph, second sentence, of Appellee's brief, Appellee says that the "Proposed Final Report," explaining what the Feldman interests could be sued for and why, was filed after Appellant's removal as plan trustee. Actually, it was filed in April, three months before removal, and before the adversary proceeding was filed.[1]

---

[1] Appellee's failure to know that the Proposed Final Report took months to prepare, and preceded the adversary complaint by months typifies the lack of care that Mr. Boudloche gave to his entire "independent investigation" in this case; so it is no wonder he wants to give away a $1 million asset for $25,000. Another typical lack of care was his failure to send Appellant a copy of his brief, though service is recited – Appellant had to acquire it through Pacer.

B. <u>Standing</u>. Rule 9019(a), F.R.Bkcy.P., does not have any rules on standing. It states who MUST BE NOTICED. Whether someone must be noticed does not say whether he or she has standing. Standing is of two types, constitutional and statutory. One has constitutional standing if one's (life, liberty, body, possessions or) money might be affected.[2] One has statutory standing if a statute or rule says you have standing.[3] Appellant has constitutional standing. One with constitutional standing is entitled to due process notice. One with statutory standing is entitled to notice when the statute or rule says so.

1. <u>Appellant Qualifies</u>. If the rules on notice were treated as "standing" rules, Appellant would still qualify as a "creditor", because he has a "claim" against the estate for his fees. To be sure, it is contingent on the Fifth Circuit's ruling on his appeal, but contingent creditors are as much creditors as any other creditors. See Bkcy. Code, Sec. 101(5)(A), defining "claim" to include contingent claims. Many courts have found standing or "creditor"

---

[2] <u>In re C-Power Prods., Inc.</u>, 230 B.R. 800 (Bkcy., ND Tex. 1998); <u>In re El Paso Refinery, L.P.</u>, 37 F.3d 230 (5th Cir. 1994); <u>In re Price</u>, 173 B.R. 434 (Bkcy., ND Ga. 1994).

[3] <u>In re Pointer (City of Farmers Branch v. Pointer)</u>, 952 F.2d 82, 85 (5th Cir. 1992), *cert. denied*, 505 U.S. 1222, 112 S.Ct. 3035, 120 L.Ed. 2d 904 (1992).

status for attorneys in bankruptcy cases.[4] And in bankruptcy courts, contingent claims are as good as any others.[5]

       2. <u>Other Entity</u>. Rule 9019(a) also requires notice to "any other entity as the court may direct." If Appellant did not have a contingent claim (which he does), he would at least still be an "other entity." And since the result below might directly affect his money, if he wins in the Fifth Circuit, he is someone whom the court OUGHT to have required be noticed. If the Rule

---

    [4] *See e.g.*, <u>In re Keyworth</u>, 47 B.R. 966 (D Colo. 1985) (held, party obtained creditor status and standing to object to debtor's exemptions when it bought claim of unpaid original attorney for debtor; but lost it again when court cancelled claim because party bought it in bad faith); <u>In re Wells</u>, 87 B.R. 732 (Bkcy., ND Ga. 1988) (like other creditors, unpaid former counsel for trustee had a right and duty to report to Chapter 13 trustee any wrongs by debtor in dealing with assets or similar misconduct); <u>In re Town of Westlake</u>, 211 B.R. 860 (Bkcy., ND Tex. 1997) (even if claim for costs and attorneys fees not yet liquidated, claimant would be at least a contingent creditor and party in interest with standing to move to dismiss case); *and cf.*, <u>In re First Colonial Corp. of America</u>, 544 F.2d 1291 (5th Cir. 1977) (attorney for trustee had a direct financial interest in the amount of his fee, and therefore standing to appeal the order fixing the same); <u>Castle Cotton Mills Co. v. Gardner</u>, 207 F.2d 690 (9th Cir. 1953) (where attorneys filed claim, correct procedure would be for them to appeal, but under facts, Court would nevertheless let their clients to appeal denial of attorneys fees to them); <u>In re Hines (Gordon v. Hines)</u>, 147 F.3d 1185 (9th Cir. 1998) (automatic stay keeps debtor's attorney from trying to collect from the debtor outside the bankruptcy court for pre-petition portion of his fees, but not from trying to collect fees earned post-petition); <u>In re Klein</u>, 226 B.R. 542, at 544, 33 B.C.D. 441 (Bkcy., D N.J. 1998) (Winfield, Bkcy. J.) (held, where debtor-attorney was not paid his attorneys fees for getting an order dissolving writ freezing bank account, "Indeed, these legal services constitute the actual damage Klein suffered.") Mr. Kaufman has an unpaid claim for money. So he would be a creditor.

    [5] <u>In re Southmark Corp.</u>, 88 F.3d 311, 318, fn. 32 (5th Cir. 1996) (holding that a compromise and settlement of a contingent claim could create a "preference" as the contingent claim was a debt and its holder a "creditor;" *and see*, <u>American Surety Co. of N.Y. v. Marotta</u>, 287 U.S. 513, ___ S.Ct. ___, ___ L.Ed. ___ (1933) (contingent creditor entitled to protection of fraudulent conveyance laws).

9019(a) provision really is a "standing" provision, then it expands standing significantly because anyone whom the court ought to have required be noticed now automatically has standing under it.

3. <u>Andrews</u>. Appellee suggests that <u>In re Andrews</u>, 239 F.3d 708, 710 (5th Cir. 2001) somehow stands for a different rule, that <u>Andrews</u> bars the rule that a contingent claim is still a claim, because it says different in case of an adjudication of "dismissal." But this was not a dismissal. It was an actual adjudication on the merits which is still pending on appeal. But the <u>Andrews</u> case did not involve the pendency of an appeal. So it has no guidance to offer on what happens when an appeal is pending. But Appellee cites no authority, and none is known to Appellant, that says appealing claimants are any different than any OTHER contingent claimants in having standing.

4. <u>Amicus Curiae</u>. Some things an attorney has a duty to report to a court just because he knows them – even a mere *amicus curiae* has a right to report them and raise them. *See, e.g.*, <u>Wells</u>, in footnote 4 above (attorneys in bankruptcy cases have duty to report when debtors keep assets from bankruptcy estate). Appellant has to tell the court that Mr. Feldman made off with seven figure amounts of money; because he has already told the replacement plan trustee, and the record shows that Mr. Boudloche does

-5-

not care. Even though the Proposed Final Report noted that Mr. Feldman allegedly had opened more than four new stores during the time he was supposed to pay all profits to creditors; Mr. Boudloche did not care. His alleged "independent investigation" did not even include driving by the Feldman locations listed in the phone book to see if this was true, because Mr. Boudloche did not care. The amount of money Mr. Boudloche asked Mr. Feldman to pay is probably not a SINGLE DAY'S receipts from the liquor stores. But Mr. Boudloche does not care. But it violates his fiduciary duties not to care.

      5. <u>Derivative Standing</u>. Appellant has standing in this case because he has standing in the main case already on appeal to the Fifth Circuit; and if that case is reversed, he will have a right to have this derivative case reversed as well. It will be Appellant's money that is given away first, when Mr. Boudloche decided to give Mr. Feldman a walk for free; because administrative expenses are to be paid first in bankruptcy, before any creditors, and the plan so provides here (as a plan must, to be confirmed). Appellant's original brief gave the authorities showing a right to be put back into status quo ante if successful on appeal; and Appellee has not challenged them. A decision in Appellant's favor in the original appeal to the Fifth Circuit

will be res judicata (and create collateral estoppel) as to standing in these derivative appeals, as well.

C. <u>Approval Out of Ignorance</u>.  Appellee has said before, and continues to repeat, that neither he nor his attorney is able to understand the theory by which Mr. Feldman owes the $1 million.  Third to last sentence, middle paragraph, p. 3, Appellee's brief.  It is almost as if Appellee is proud of not understanding it.

1. <u>A Simple Concept</u>.  Well, it's an elementary, first year law school, contracts course concept, one Appellant has taught dozens of times in law school.  "ON A MATERIAL BREACH OF CONTRACT, A PLAINTIFF HAS AN OPTION TO SEEK EXPECTATION DAMAGES OR RESTITUTION DAMAGES."  That's it.  That's all.  That's the whole concept.  Basic law.  The "Cliest" horses in Mt. Pleasant Stable Co. v. Steinberg in the first year Contracts casebook.   Restitution damages are a million dollars.  Maybe more after discovery; but that high based on tax returns submitted so far.  Expectation are much less – not as low as $14,800, as Appellee claims, but much less.[6]  Settling for much less, because a plan trustee cannot

---

[6] The two allowances that needed to be checked were for expenses and for taxes; and Mr. Boudloche's assertion that he checked the taxes does not prove that he checked the expenses. And really, he couldn't possibly have done that.  It is in the nature of things wholly improbable

understand a plaintiff has an option to seek a lot more, is not provident, nor in the best interests of an estate nor of creditors.

  2. <u>Ignorance Destroys Appellee's Testimony</u>.  The law expects that Appellee will know what he is getting and what he is giving up.  If Appellee cannot understand what he is giving up, how does he know that he is not giving up Manhattan Island for a few boxes of beads?[7]  Approving a settlement requires that the trustee know he is getting something "REASONABLY EQUIVALENT" to what he gives up; <u>In re Energy Coop., Inc.</u>, 886 F.2d 921 (7th Cir. 1989); so the settlement is invalid if he does not know the value of what he gave up.  A deal cannot be approved, when ignorance is proven against or admitted by the plan trustee.  So Appellant suggests the case must be reversed and the deal remanded until Appellee finally DOES UNDERSTAND it – because a compromise and settlement cannot lawfully be approved until he does.

  3. <u>Presumption Disappears</u>.  It doesn't matter how experienced

---

and beyond all belief that Mr. Feldman incurred $75,000 in expenses in calling up his broker and selling the bank stock, for example. And on cross-examination, Mr. Boudloche was unable to remember a SINGLE EXPENSE that he saw or checked. This unlikelihood of real expenses in the bank stock sale is commented on in footnote 5, instance 6, in Appellant's original brief.

 [7] Isn't that a lot like what Appellant is saying here: You are giving up $1 million for $25,000. It's not quite the same as trading Manhattan Island for $24 worth of beads; but it is going in that direction.

Appellee is, if he doesn't understand the deal. Appellant, by contrast, clearly does understand the deal, that a plaintiff has an option whether to seek expectation or restitution damages; so the fact that he has 33 years of experience evaluating the value of claims in bankruptcy is just frosting on the cake.[8] But the whole point of deferring to the status of the plan trustee and his business judgment in a case is the presumption he knows what he is doing. That presumption can be rebutted; and was rebutted here by Mr. Boudloche's admission he didn't understand the theory of the claim for $1 million. Once he admits he does not know what he is doing; the reason for the deference to the plan trustee disappears. "When the reason for the rule ceases, the rule also ceases." Prof. C. Kaufman, "The Scientific Method in Legal Thought: Legal Realism and the Fourteen Principles of Justice," 12 St. Mary's L. J. 77 (9th principle of justice, from Lord Chief Justice Edward Coke's 1607 treatise, Coke on Littleton).

D. Other Things That Are Not "Mistakes", Because Intentional, But Are

---

[8] Mr. Boudloche is pleased to claim that Mr. Kaufman's judgment cannot be relied on because he was greedy and took too much money (ignoring that this question is pending before the Fifth Circuit and has not been finally decided). Of course, that is not the issue; the issue is what Mr. Boudloche did not do, and what he should be doing. But say he were right. If anything, that would seem to cut AGAINST Mr. Boudloche, not favor him. Someone who really wants money is a lot more likely to pay attention to how much something is worth, than someone who doesn't care and has no stake in the outcome.

Still Wrong.

1. *Sub Rosa* Plan Doctrine. Appellee complains; paragraph 7, p. 7 of its brief; that Appellant mentions the "*sub rosa*" plan doctrine, at the same time as Appellant admits that a plan was confirmed. The whole point of mentioning the *sub rosa* plan doctrine was to comment that it forbids *sub rosa* AMENDMENTS to plans as well as *sub rosa* plans themselves. Appellant said, "The law forbids *sub rosa* plans and presumably therefore *sub rosa* plan amendments." Appellant did not argue there was a *sub rosa* plan. That's the whole point. The plan is not being followed. Appellant argued this motion to compromise was Appellee's *sub rosa* AMENDMENT of the adopted plan, a change to the adopted plan to let Mr. Feldman off the hook scot-free for virtually nothing, and to provide for no payments to creditors, and virtually no payments to administrative expenses. That was not legal in the plan; and it is not legal now.

2. Evidence Against Mr. Boudloche's Settlement. Appellee claims there was no rebuttal of his claim that the probability of success in the litigation was very low. Para. 5, p. 6, Appellee's brief. That's not true. Appellant proved that there was a pending motion for summary judgment

which ought to have been granted.[9]  Someone who is entitled to summary judgment always has a high probability of success.  If Appellee wanted to say that the probability of success was low, Appellee needed to set the motion for summary judgment for hearing and lose on it.  That never happened, and Appellee has not suggested a SINGLE REASON why summary judgment did not lie.

       3. <u>Cost of Litigation</u>.  Although Appellant's original brief points out clearly that there was very little legitimate cost of litigation to obtain summary judgment against Mr. Feldman; and the same is true of collecting from the available assets; another point is worth making.  Mr. Boudloche is willing to spend enormous amounts of money trying to collect the judgment Appellant is appealing, even though no significant assets are there, and a bankruptcy has been filed, and the schedules show what little can be obtained.  He is willing to demand that Mrs. Kaufman risk the loss of her foot so he can drag her out of her hospital bed to answer his (unfounded) motion for contempt, when a few days wait would have cost him nothing.  Money is no object to him, when he litigates against Appellant.  So who can believe that

---

[9] Since Mr. Boudloche does not understand the theory of the complaint, he is in no position to say that summary judgment would not have been granted, if heard.

the minor cost of recovering a judgment against $10 million in liquor stores and seven figure personal assets truthfully deters him at all. It is a complete double standard on his part.

III. <u>What Appellees Omit</u>.

    A. <u>Concessions</u>. A party can concede a point by failing to brief it. The following instances of that exist in Appellee's brief on this appeal.

        1. <u>Effect of Reversal on Appeal</u>. Appellee does not contest that he will owe Appellant to put him back into status quo ante, if Appellee takes action in reliance on a judgment but there is a reversal on appeal.

        2. <u>Settling Was Action in Reliance</u>. Appellee does not contest that his motion to compromise and settle the adversary against the Feldmans relies on the appealed judgment, as grounds for allegedly denying Appellant standing. So the motion appealed from is among the things Appellee will owe to compensate Appellant for if Appellant wins on the appeal currently before the Fifth Circuit.

IV. <u>Conclusion</u>. Mr. Boudloche admits he doesn't understand the value of what he is giving up. He has given us no assurances that he is doing anything but throwing away a $1 million asset for $25,000. That's not right, and the Court should reverse and render judgment that the settlement will not lie; or

else remand for Mr. Boudloche to explain that he now understands the theory of the complaint, and to give him an explanation why he cannot just set the summary judgment motion for hearing.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully asks the Court to reverse the decision below, and deny the compromise and settlement, or alternatively remand for Appellee to do a better job justifying the same, and grant such other and further relief as may be fair or just.

                Respectfully Submitted,

*/s/ Colin Kelly Kaufman*
Colin Kelly Kaufman, In propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662

Telephone (361) 888-8865
Telecopier (361) 888-8172

<u>Certificate of Service</u>
I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the Appeal Service List which follows, by U.S. mail, first class postage prepaid, this 23rd day of July, 2003.

*/s/ Colin Kelly Kaufman*

Colin Kelly Kaufman

Appeal Service List

1.  Matthew A. Rosenstein, Esq.
    420 American Bank Plaza
    Corpus Christi, TX. 78475

    FAX (361) 883-5590

2.  Richard Grant, Esq.
    3102 Oak Lawn #700
    Dallas, TX. 75219

    FAX (214) 777-5082

3.  Michael B. Schmidt, Esq.
    1550 Tower II
    550 N. Carancahua
    Corpus Christi, TX. 78478

    FAX (361) 884-6000

4.  Ron Simank, Esq.
    Schauer & Simank, Attys.
    615 N. Upper Broadway, Ste. 2000
    Corpus Christi, TX. 78476

    FAX (361) 884-2822

5.  James P. Moon, Esq.
    1666 N. Hampton Road
    DeSoto, TX. 75115

    FAX (469) 567-1533

6.  Colin Kelly Kaufman
    P. O. Box 1662
    Corpus Christi, TX. 78403-1662

    FAX (361) 888-8172