United States District Court
Southern District of Texas
FILED

APR 0 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | District Court Civil Case # B-02-072 |
| Charles B. FELDMAN dba | Companion Cases # B-02-073 & 74 |
| Charles B. Feldman Investments | Appeal of Bankruptcy Case |
| Debtor | # 90-01254-B-11 |

Official Form 5, Fed. R. App. P. (Rev. 1989)

## Colin Kelly Kaufman's Notice Of Appeal to
## United States Court of Appeals
## for the Fifth Circuit

Colin Kelly Kaufman, the Appellant, appeals to the United States Court of Appeals for the Fifth Circuit from the final judgment of the district court for the Southern district of Texas, Brownsville division, entered in this case on March 25, 2004 overruling in part Appellant's appeal to the said district court, and affirming the bankruptcy court in part.  To avoid possibility of confusion, a copy is attached to the original filing of this writing.

The names of all parties to the judgment, order or decree appealed from, and the names and addresses and telephone numbers of their respective attorneys, are as follows:

    1.  CKS Asset Management, Inc., Creditor.  The names and addresses of its attorneys are as follows:

> Matthew A. Rosenstein, Esq.
> American Bank Plaza #420
> 711 No. Carancahua

Corpus Christi, TX. 78475

Telephone (361) 883-5577
Telecopier (361) 883-5590

Richard Grant, Esq.,
3102 Oak Lawn #700
Dallas, TX. 75219

Telephone (214) 777-5081
Telecopier (214) 777-5082

2.  Charles B. Feldman, debtor.  Mr. Feldman's attorney's name
and address are as follows:

James P. Moon, Esq.
1666 No. Hampton Rd., Suite 202
DeSoto, TX.  75115

Telephone (469) 831-3004
Telecopier (469) 567-1533

3.  Michael Boudloche, plan trustee.  Mr. Boudloche's attorney's

name and address are as follows:

Mike Schmidt, Esq.
712 American Bank Plaza
711 No. Carancahua
Corpus Christi, TX. 78475

Telephone (361) 884-9949
Telecopier (361) 884-6000

4.  Colin Kelly Kaufman, the appellant and former plan trustee.

Mr. Kaufman's attorney is himself in propria personam, and his name and

address are as follows:

> Colin Kelly Kaufman, Attorney at Law
> 1106 Third St. 78404-2312
> P. O. Box 1662
> Corpus Christi, TX. 78403-1662
>
> Telephone (361) 888-8865
> Telecopier (361) 888-8172

Respectfully Submitted,

Colin Kelly Kaufman, In propria
personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

## Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing
writing on the persons listed above as attorneys for the parties to the order
appealed from, by U.S. mail, first class postage prepaid, this 1st day of
April, 2004.

Colin Kelly Kaufman

20

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 2 5 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN RE: CHARLES B. FELDMAN D/B/A       §       CIVIL ACTION NO. B-03-072
CHARLES FELDMAN INVESTMENTS       §

## ORDER

BE IT REMEMBERED that on March 22, 2004, the Court AFFIRMED in part and OVERRULED in part Appellant Colin Kelly Kaufman's Appeal of the Compromise and Settlement of Adversary #01-2110 [Dkt. No. 2].

I.       **Factual background**

In 1990 Charles B. Feldman d/b/a Charles Feldman Investments, filed for Chapter 11 bankruptcy. A bankruptcy plan (the "Plan") was confirmed in 1992 and named Harlingen National Bank as Trustee. In 1992, Kaufman was substituted as Trustee. As Trustee, Kaufman hired himself to serve as an attorney for the bankruptcy estate. The Modification To First Amended Plan Of Reorganization Of Charles B. Feldman D/B/A Charles B. Feldman Investments ("Modified Plan"), signed by the parties and Kaufman, was implemented to substitute Kaufman as Trustee.

Kaufman collected $354,066.92 during his tenure as Trustee. Kaufman paid himself $278,631.50 in fees from the corpus of the estate. Between June 1999 and March 2001, Kaufman also paid himself $49,428.95 from the corpus of the estate for work which he had not yet done. After payment of other court-approved fees and expenses and payment of Kaufman's fees there remained a trust corpus of $600. Kaufman paid himself these fees without filing periodic attorneys' fee applications; rather, he filed a fee application only after the bankruptcy court ordered him to file a Final Fee Application. By the time Kaufman filed a Final Fee Application, almost the entire corpus of the estate had been disbursed for fees and expenses.

CKS Asset Management, Inc. ("CKS"), the largest creditor of the bankruptcy estate, filed a motion in the bankruptcy court to remove Kaufman as Trustee, and on June 28, 2001, the bankruptcy judge held an evidentiary hearing and removed

1

Kaufman as Trustee. On June 29, 2001, the bankruptcy court entered an order removing Kaufman as Trustee. On August 21, 2001, the bankruptcy court ordered Mike Boudloche ("Appellee", "Boudloche", or the Successor Trustee") to succeed Kaufman as Trustee.

Finally on January 29, 2002, the bankruptcy court ordered Kaufman to enter a Final Fee Application, which he filed on February 8, 2002. The Court held a hearing on February 22, 2002, to consider Kaufman's fee application. On March 7, 2002, the bankruptcy court entered a Memorandum Opinion And Order On Colin Kelly Kaufman's Final Fee Application [Bankr. Dkt. No. 469] finding that Kaufman as Trustee breached his fiduciary duties. The bankruptcy court also denied Kaufman's fee application of $451,926.11. In its discretion, the bankruptcy court awarded a fee of $50,000 plus expenses and ordered Kaufman to disgorge the remainder of the fees he had paid himself. The Final Judgment On Final Fee Application Of Colin Kelly Kaufman [Bankr. Dkt. No. 470] was entered against Kaufman on August 12, 2002, and ordered him to pay the Trustee $214,871.89 plus interest at the federal judgment rate. Kaufman appealed the findings and rulings in Bankr. Dkt. Nos. 469 and 470. This Court affirmed that ruling, and Kaufman has appealed.

Just prior to his removal by the bankruptcy court as Trustee, Kaufman filed a Complaint in Adversary No. 01-2090 against the Debtor and his family claiming they owed the estate $1,000,000. After his removal, Kaufman filed a Proposed Final Report outlining the basis of the suit against the Debtor and his family. Boudloche, as Successor Trustee, and his counsel reviewed both the Complaint in Adversary No. 01-2090 and the Proposed Final Report. Boudloche and his counsel claim they could not understand Kaufman's logic or calculations. Rather than the $1,000,000 Kaufman believed the Debtor owed the estate, Boudloche and his counsel calculated the Debtor was obligated to pay the estate $14,800.

Boudloche and his counsel attended a mediation with the Debtor and negotiated settlement of all claims in the Complaint in Adversary for $25,000. Boudloche sought and after an evidentiary hearing received bankruptcy court approval of the settlement. In its order approving the settlement, the bankruptcy court found the settlement was

2

entered into in good faith and was in the best interest of the estate [Bankr. Dkt. No. 531]. The Court also held that Kaufman "lacks standing to object to this Settlement as he is not a claimant of this Estate, but owes a debt to this Estate as evidenced by the Final Judgment against him in favor of this Estate." *Id.*

Kaufman appeals the bankruptcy court's Order Approving Settlement Agreement.

## II.    Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *See In re Webb*, 954 F.2d 1102, 1103-04 (5th Cir. 1992). This Court will not set aside a bankruptcy court's findings of fact unless they are clearly erroneous. FED. R. BANKR. P. 8013; *In re McDaniel*, 70 F.3d 841, 842-43 (5th Cir. 1995). A finding of fact is clearly erroneous if, after review of all the evidence, the Court is left with a firm and definite conviction that the bankruptcy court erred. *See In re McDaniel*, 70 F.3d at 843. This court reviews legal conclusions de novo. *See id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).

## III.    Issues presented

A.    Were the bankruptcy court's findings that Kaufman was (1) not a claimant and (2) lacked standing clearly erroneous?

B.    Were the bankruptcy court's findings that the settlement was fair and in the best interest of the Estate, clearly erroneous?

## IV.    Analysis

### A.    Kaufman has standing

The first question in this appeal is whether Kaufman had standing to challenge the Motion of Approval of Compromise and to Approve Settlement Agreement. Under the bankruptcy code, three types of entities have standing to challenge a debtor's discharge: trustees, creditors, and United States trustees. *See* 11 U.S.C.A. § 727(c)(1) (2000). A "creditor" is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C.A. § 101(10)(A). In turn, a "claim" is defined in relevant part as a "right to payment, whether

3

or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C.A. § 101(5)(A). This "broadest possible definition" of the term "claim" captures "all legal obligations of the debtor, no matter how remote or contingent." H.R. Rep. No. 95-595, 95th Cong., 2d Sess., reprinted in 1978 U.S.C.C.A.N. 5963, 6266. Kaufman clearly is neither the United States of America nor a trustee; therefore he has standing to object only if he can be classified as a creditor with a contingent claim.

Boudloche argues that *Stanley v. Vahising (In re Vahising )*, 829 F.2d 565 (5th Cir. 1987), stands for the proposition that "dismissal of a claim precludes any possibility of collecting any money." *See In re Joe Alvin Andrews, Sr.*, 239 F.3d 708, 713 n.23 (5th Cir. 2001). Thus Boudloche would have the Court conclude that Kaufman's claims are conclusively dismissed because the bankruptcy court held and this Court affirmed that Kaufman is not entitled to fees and in fact must disgorge fees he has paid himself.

Of course Kaufman claims he is a creditor, albeit contingent upon the Fifth Circuit reversing this Court's order in *In re: Charles B. Feldman*, Civil Action No. B-02-073, and granting him his full fee request of over $400,000. While the Court finds this unlikely, it is possible the Fifth Circuit will accept Kaufman's position; therefore, the Court must agree with Kaufman's argument. Until the Fifth Circuit affirms this Court's order in *In re: Charles B. Feldman*, Civil Action No. B-02-073, and the time to file a petition for writ of certiorari expires or the petition is granted by the United States Supreme Court, Kaufman will have a remote and contingent claim, a claim the code recognizes as sufficient to render him a creditor. Therefore, Kaufman had standing to challenge the Motion of Approval of Compromise and to Approve Settlement Agreement and has standing to bring this appeal.

**B.     The settlement was fair and in the best interest of the estate**

Kaufman's brief on appeal is mostly a diatribe about the motivations of the parties in this bankruptcy case and are not worthy of recognition, much less discussion. However, Kaufman does  ultimately request this Court overturn the bankruptcy court's approval of the settlement reached between the Successor Trustee and the Debtor. In essence, Kaufman argues that Boudloche and his counsel did not understand the

4

claims Kaufman had alleged against the Debtor in the Complaint in Adversary No. 01-2090. Thus he argues the $25,000 settlement vastly discounted the potential recovery, allegedly approaching $1,000,000. Kaufman repeatedly cites testimony or documents in which the Successor Trustee claims neither he nor his attorney could comprehend Mr. Kaufman's complaint. These admissions are supposedly so damning that this Court must find that the bankruptcy court's findings of fact clearly erroneous.

The bankruptcy court properly weighed the evidence in this case and did not clearly err in concluding that "the settlement of doubtful and disputed claims" for $25,000 was "entered into in good faith" and was "in the best interest f the estate." [Bankr. Dkt. No. 531]. In his proffer to the bankruptcy court, Boudloche details his, as well as his counsel's, the Debtor's, and Debtor's accountant's, attempts to make sense of the Complaint in Adversary No. 01-2090 and Kaufman's damages calculations. On the other hand, Kaufman's proffer consists of three paragraphs in which he states conclusively, and without evidence, that the Complaint in Adversary he filed is worth $1,000,000. The remainder of the 8 page proffer is dedicated to explanations of his involvement in other cases before other judges. Even now, on appeal Kaufman is unable to explain how any claim against the Debtor is worth more than $14,800. Kaufman has not demonstrated any error, much less clear error, committed by the bankruptcy court.

## V.   Conclusion

For the reasons stated above, the Court **AFFIRMED** in part and **OVERRULED** in part Appellant Colin Kelly Kaufman's Appeal of the Compromise and Settlement of Adversary #01-2110 [Dkt. No. 2].

DONE at Brownsville, Texas, this 22nd day of March 2004.

Hilda G. Tagle
United States District Judge

5