United States District Court
Southern District of Texas
FILED

APR 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| IN RE: | Civil Action B-03-072 |
| Charles B. FELDMAN dba | Appeal of |
| Charles B. Feldman Investments | Bankruptcy Case # 90-01254-B-11 |
| Debtor | In Chapter 11 |

Font: Korinna

## COLIN KELLY KAUFMAN'S ORIGINAL
## DESIGNATION OF RECORD AND ISSUES ON APPEAL
## TO THE FIFTH CIRCUIT COURT OF APPEALS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Colin Kelly Kaufman, former plan trustee in the captioned case and the appellant, and for his Original Designation of Record and Issues on Appeal in the Compromise and Settlement of Adversary # 01-2090, respectfully shows the Court as follows:

### I. Designation of Issues on Appeal.

The appellant hereby designates the following issues on his Appeal to the Fifth Circuit of the Memorandum Opinion and Order affirming the bankruptcy court's order approving a settlement and compromise of the bankruptcy estate's claims against Charles B. Feldman.

A. Issues on Errors Committed by District Court.

1. Doing Nothing Is Not an Option. Whether it was error for the district court, after it rejected the view followed below that appellant lacked

-1-

standing, to give its conclusion lip service only, and to fail to take steps to implement that finding, when she should have overturned the wrongs against appellant which were based on the rejected view, such as:

(a) Bankruptcy Court Sustained Debtor's Motion to Quash. Since the debtor's duty to make full financial disclosure to those interested in a bankruptcy estate is fundamental, so that dismissals for non-disclosure is an everyday event; it was fundamental error and a denial of due process for the bankruptcy court to  refuse to give Mr. Kaufman discovery of the writings promised him in the plan – tax returns and checks, et al., to show whether the debtor's accountings to the estate were accurate; or to show whether Mr. Kaufman was right to think that Mr. Feldman should have paid at least $200,000 more into the estate, and therefore owed the estate over $1 million (now thought to be $11 million) of restitution and reliance damages.  No settlement for any amount is sure of enforcement when one side has hidden the data needed to determine its fairness (or here, lack of fairness).  The failure to furnish the promised documents itself alone was adequate ground to seek restitution and reliance damages because of Mr. Feldman's material breach.

(b) <u>Denied Him Evidence for His Defense</u>. It denied due process and was fundamental error for the bankruptcy court to refuse to let Mr. Kaufman have the evidence he needed to prove more conclusively that the amount of the estate was actually several times what he had spent in tracking Mr. Feldman and his transactions over the ten years he served as plan trustee, resulting in the denial of Mr. Kaufman's fee application.

(c) <u>Concealed the Writings</u>. It was fundamental error and a denial of due process for the replacement plan trustee to refuse to let Mr. Kaufman know if Mr. Feldman had offered them any such written evidence to support his claim to have paid all he owed to the estate; especially when Mr. Boudloche admitted that some additional amounts were due ($14,800 – an amount so small as to be a joke in view of the $200,000 identified in Mr. Kaufman's Proposed Final Report), but never actually presented a single writing justifying such a low figure (and even more, on the stand testified that he could not remember any other figures about anything relating to the transaction); and the replacement plan trustee's failure to let Mr. Kaufman see any justifications or support or report or other writing dealing with the issue of how much Mr. Feldman owed to pay, resulted in the decision below to uphold

-3-

compromise and settlement.

(d) <u>Due Process Forbids Circular Argument</u>.  This is especially true where the ground relied on to justify not giving Mr. Kaufman the data (that the bankruptcy court did not allow fees, because the fees were too high as a percentage of the estate) was itself based on the failure to give the appellant the data showing the true amounts that should have been paid into the estate.

(e) <u>Due Process Implies a Right of Self-Defense</u>.  This is even more true when a lack of Bankruptcy Code standing would not justify denying Mr. Kaufman the data needed to defend himself from attacks on his skill, integrity, and reputation, built up over 30 years of practice and supported by his background and achievements; as due process requires giving him access to such data.

(f) <u>Due Process Requirements Not Defeated by Salami Tactics</u>.  The tactic of the replacement plan trustee of making one allegation at a time, and making a multiplicity of motions and appeals, instead of revealing all at once, does not alter the fundamental thrust of his administration of never disagreeing with the debtor, and always asserting

-4-

wrong by Mr. Kaufman – so it was a continuing and compounding error for

Mr. Kaufman not to get the discovery he had asked for, before the hearing on

replacing him.  And this was fundamental continuing error, too; particularly

since Mr. Kaufman STILL has not been shown the data promised him by the

plan; and Mr. Feldman has still another pending motion to quash in the case

pending in Judge Marvin Isgur's bankruptcy court in Adversary Proceeding 03-

01057, United States Bankruptcy Court for the Southern District of Texas,

Brownsville Division.

      (g).  <u>The Writings Supported Mr. Kaufman</u>.  The district

court itself also erred in giving conclusive weight to the replacement plan

trustee's desire to settle and compromise, without any written back-up; and

ignoring that the only written evidence presented to the bankruptcy court was

that furnished by Mr. Kaufman as an amendment to his Proposed Final

Report, and supported his conclusion that $200,000 was a low amount for the

sums that Mr. Feldman had owed but not paid (justifying the then over-$1-

million and now cerca-$11-million restitution and reliance claim); and it was

error for the district court to accept a $14,800 figure produced without any

back-up writings in lieu of a $200,000 figure supported by such back-up.

2. <u>Appearance of Wrong</u>.  Whether it is necessary for a bankruptcy estate to avoid even the appearance of wrong-doing; and so:

(a).  <u>Disparity in Consideration</u>.  A stronger burden of proof exists to support approval of a compromise and settlement when the disparity in consideration on its face appears to be unfair, corrupt, one-sided or unconscionable.

(b).  <u>Why Wouldn't the System Want Him to Pay What He Owes</u>.  Mr. Feldman is known to say that his bankruptcy "hasn't hurt me at all;" and he is a notorious figure in the Rio Grande Valley because of his apparent discovery of a way to beat the bankruptcy system; and it gives the appearance of wrongdoing to let him keep $1 (much less $11) million for a compromise and settlement amount of $25,000 (not even half the projected cost of litigation) absent compelling proof that the higher figure has to be bogus, and none existed here.

2. <u>Are Mere Conclusions Enough</u>.  Whether a district court may, upon mere conclusory statements that the proposed settlor has decided that the claim is without merit, affirm an agreement that on its face proposes to foreclose a claim by a bankruptcy estate in excess of $1 million for $25,000;

-6-

without strong proof, including proof of the discovery or other viewing or analysis of the existing documents documenting the existence or non-existence of the claims, which are the same documents Mr. Kaufman had demanded so he could do the Proposed Final Report, but most of which were denied by Mr. Feldman to Mr. Kaufman, and were then subject to a motion to compel, which was also mostly denied by the bankruptcy court to Mr. Kaufman, and also the subject of a motion to quash (made on the prescient prediction of Mr. Moon that when they got Mr. Boudloche as a new replacement plan trustee after the next hearing, he was not going to want to look at any documents); and are also the subject of still another motion to quash of Mr. Feldman in the fraud case pending before Judge Isgur; and such documents have never been shown to independent accountants, to verify if they support Mr. Boudloche's positions.

3. <u>Johnny-Come-Lately Rule</u>.  Whether a higher degree of diligence is required of a replacement plan trustee to investigate claims WHEN HE WASN'T THERE when the conduct occurred that is said to create the claims, but only came into the case years later.

4. <u>Is an Intentional Giveaway Better than a Negligent One</u>?

-7-

Whether a replacement plan trustee's compromise and settlement of claims for over $1 million in assets for $25,000 is saved or made less wrong by a district court finding that the plan trustee really knew what he wanted to do. Willful ignorance is not good faith.

  5. <u>Irrelevant Justifications</u>.  Whether it is proper for the district court to treat alleged misconduct by a former fiduciary as justification for letting debtor make off with over $1 million (possibly over $11 million) when:

  (a). <u>Fiduciary Duty</u>.  The fiduciary duty of the plan trustee requires him to pursue whatever course is calculated to produce the most money for creditors, and does not license him to punish alleged wrongdoers instead.

  (b). <u>Phone Book</u>.  Very little work would have been needed to find assets subject to a $1 million claim -- you can find the 10 Feldman's liquor stores (half of all liquor stores in the Valley) just by looking in any Valley phone book.

  (c). <u>Not Wrong Here, But if Were, It Was at Worst a Technicality</u>.  The remaining thing the district court alleges as a wrong (after a dozen prior claims of wrong were abandoned or not sustained) is of prepaying

fees by $50,000 (which Mr. Kaufman denied) a couple of months before the proposed final report was filed; and that would be, at worst a technical error given that total fees earned were nearly $500,000 and the amounts paid only half that; and pre-payment was even in fact, as the bankruptcy court admitted, something that the plan had contemplated that the plan trustee might do.

(d).  <u>Someone Else's Wrong</u>.  Any alleged wrongs of the former plan trustee would not have been a defense to a suit by a non-wrong-doing plan trustee; and Mr. Feldman could have been sued by Mr. Boudloche without any offense to any legal principle.

(e).  <u>Must Be Dirty Hands with This Defendant</u>.  Dirty hands in general will not do, there must be proof of a wrong towards this defendant that harmed him, before a person in an equity court may invoke the "clean hands" doctrine; and here no proof existed nor was offered that Mr. Kaufman ever maltreated Mr. Feldman, though much evidence exists of Mr. Feldman's wrongs in not giving Mr. Kaufman what he was supposed to.

(f).  <u>Pattern or Practice</u>.  Mr. Kaufman was a well-educated, hard-working and well-known person; and it is Mr. Boudloche's pattern or practice to attack the law license of lawyers defending against his claims, such

as his request to take Mr. David Sibley's federal law license for Mr. Sibley

having the audacity of asking for discovery from Mr. Boudloche for Margaret

Fratila in the case of In re M.G. & E.D., Inc.

6. <u>Error to Conceal Fraud</u>.   Whether it is error for a bankruptcy

court to lend itself to a scheme to whitewash the debtor and to cover up

massive non-payments of debts due the bankruptcy estate by the debtor;

because this at least creates the appearance of wrongdoing; even if proof is

lacking of actual impropriety, because suspicion remains.

7. <u>Factual Misstatements</u>.   Whether the district court made

serious errors in its discussion of the facts:

(a). <u>Timing</u>.   In claiming that the "Proposed Final Report"

was made AFTER Mr. Kaufman was removed, insinuating that it was all

created as *ex post facto* justification; when it was actually done and filed some

months before, and it was only after the Proposed Final Report said that Mr.

Feldman owed money, and needed to furnish the rest of the documents, that

efforts were made to attack Mr. Kaufman to find a way to keep Mr. Feldman

from having to pay anything.

(b). <u>A Plan Trustee</u>.   In claiming that Mr. Kaufman was a

bankruptcy trustee, rather than a "plan trustee," so that it could imply that Mr.

Kaufman did not have the rights given the plan trustee by the plan to

determine his own fees, including paying them in advance, and not have that

determination set aside except for an intentional tort.

(c). <u>Not a High Fee</u>.  In claiming that Mr. Kaufman had

paid himself excessive money for fees, when paying about $25,000 a year was

clearly less than a moderate fee for such a contentious and vicious case.

(d) <u>Accountings</u>.  Claiming that Mr. Kaufman did not file

adequate accountings, when he filed 8 of them, at least one every time one

was demanded, and no accountings were complained of when submitted, nor

for years thereafter; and accountant Al White was hired to make any

accountings that might thereafter be requested; and if there had been serious

inadequacy, it would have been due to Mr. Feldman's default in not furnishing

the documents due Mr. Kaufman.

(e). <u>No Evidence</u>.  In claiming that there was no evidence of

value of the million dollar claim except for a $14,800 amount admitted by the

replacement plan trustee as having been withheld by Mr. Feldman; when in

fact:

(i) Over $200,000 in breaches were shown in the Proposed Final Report, and its exhibits; and that was done with only a few tax returns after much stonewalling by Mr. Feldman; and Mr. Boudloche's alleged inability to understand that report did nothing to impeach or contradict it.

(ii) The IRS returns turned over in summer, 2002 showed several hundred thousand dollars of cd's and T-bills in Mr. Feldman's assets, in a time period (term of the plan) when his income was supposed to go to creditors, and no evidence exists that anyone EVER verified Mr. Feldman's excuses (i.e., "oh, that's my mother-in-law's money") for having all that cash when he was bankrupt.

(iii) In hindsight, it is knowable and undisputed from the tax returns that were finally furnished, that there was nearly $700,000 in cash hidden in a Feldman entity the day the plan was confirmed.

(iv) Lack of intention to tender the wrong amount is no defense to an improper tender where no offer is made to do equity, nor to pay whatever is found to be due, nor other exception is made to the insistence of the tendering party that the other side accept the improper amount.

(v) People learn in first year Contracts in law school

-12-

that on a material breach (Mt. Pleasant Stable Co. v. Steinberg), a contracting

party may recover at its option for reliance and restitution damages (i.e., what

the plaintiff gave up), instead of expection damages (i.e., what the plaintiff

expected to be paid).

(vi) It was undisputed that after the bankruptcy was

filed, a fraudulent conveyance claim was made by the FDIC that Feldman

Valley-Wide had been fraudulently conveyed away by Mr. Feldman shortly

before bankruptcy, and that claim was among those dealt with by the Plan; so

that the Feldman Valley Wide assets were available to be reached for any

default in performing under the Plan.

(f). Not for Cause.  The district court erred in implying Mr.

Kaufman was removed for cause shown, when he wasn't; and cause was not

found until nine months later on a fee application ruling, in another of those

wide swings in opinion, typical of this bankruptcy court.

(g). Not All the Estate.  In claiming that Mr. Kaufman paid

himself "almost the entire estate," when Mr. Feldman kept half of the

bankruptcy estate money himself, without due accounting for it; and it was

also error to say that it was "almost the entire estate" when Mr. Kaufman

began to pay himself after the completion of the plan term, and while he was

creating the Proposed Final Report; because in fact the "entire estate"

included the claim against Mr. Feldman et al., and that had been made for

over $1 million.

(h).  No Duty.  In claiming that Mr. Kaufman had a duty to

file prior fee applications with the bankruptcy court, before paying his fees,

when instead the plan provision for bankruptcy court review of fee applications

was placed in the modified Plan at Mr. Kaufman's request, and gave him an

option, not a duty, to ask court approval of fees up until he filed a final report.

B.  Issues Previously Submitted Concerning Errors Committed by

Bankruptcy Court.  The following are the issues stated on appeal from the

bankruptcy court to the federal district court.

1.  Admits Not Understanding.  Whether the usual rules deferring to the

business judgment of a trustee to settle litigation continue to apply when the

plan trustee in question:

(a). admits in his proffer of testimony that "I have been unable to

understand the * * * reasoning or calculations behind the suit" being settled;

(b). on cross-examination never gives and is unable to remember

-14-

the fundamental aspects of the theories of the suit being settled;

      (c). is a newcomer to the case, has given it little attention, and is uninformed as to many of its details;

      (d). mis-states and misunderstands the rules as to what burden of proof the plaintiff had to carry in the action being settled;

      (e) admits waiving without additional consideration additional damages that might have been recoverable because he allegedly thought the defendant's wrongs were unintentional;

      (e). even a judge's discretion is abused when it appears that he is not following the applicable rules of law; and

      (f). the Constitution does not contemplate that a higher authority (including a court) may delegate more discretion to a subordinate power than the higher authority itself possesses – i.e., the bankruptcy court cannot allow Mike Boudloche more discretion than the court would have, acting alone.

    2. <u>Other Motives</u>.  Whether the usual rules deferring to the business judgment of a trustee to settle litigation continue to apply when the plan trustee in question

      (a). appears to have other motives to settle, and

-15-

(b). gives testimony demonstrating personal bias and hostility toward his predecessor, such as might have colored his judgment; and

(c). "private prejudice is never a cognizable governmental interest."

3. *Sub Rosa* Closing of the Estate. Whether it is proper to try to *de facto* close the estate by making an order on compromise and settlement when

(a). neither the claims nor the administrative expenses had been finally settled, and

(b). Appellant had a legally protected interest in being returned to the *status quo ante* if his appeal prevailed, which interest the replacement plan trustee was trying to terminate by a *sub rosa* closing of the estate, and thus Appellant had standing to complain and be heard before the bankruptcy court.

## II. Designation of Record on Appeal.

Appellant Colin Kelly Kaufman designates the following items as part of the record on the Appeal to the Fifth Circuit:

A. New on This Appeal. The following items are designated as part of

the record for the first time:

    1.  District Court's order and opinion.

    2.  Docket of District Court Civil Action B-03-072.

    3.  Appellant's Brief on appeal to federal district court.

    4.  Appellee's Brief on appeal to federal district court.

    5.  Appellant's Reply Brief on appeal to federal district court.

    6.  The Notice of Appeal to the Fifth Circuit filed herein by Appellant.

    7.  This document itself (Designation of Issues and Record on Appeal to the Fifth Circuit).

    8.  <u>Transcript</u>.  The appellant would designate the transcript of the hearing before the district court; but appellant does not recall that there was a hearing before the district court for this particular matter.  So one can't be designated.

    B.  <u>Prior Record</u>.  The items which were part of the record on the appeal from the bankruptcy court to the district court, remain so designated on appeal to the Fifth Circuit, and the entire district court record should be sent up to the Fifth Circuit in New Orleans.  The district court record is believed to

include the following:

      6. <u>Dockets</u>. The dockets of Case # 90-02154-B-11 (main case) and the adversary proceeding, Kaufman v. Feldman, # 01-2090-B.

      7. 07/27/90 -- Docket #5: Schedule of Assets and Liabilities *{Used as Exhibit A(schd) to Plan trustee's final report #383 - filed on April 17, 2001 & Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      8. 07/27/90 — Docket #6: Statement of Financial Affairs for a Debtor engaged in business. *{Used as Exhibit A(stfn) to Plan trustee's final report #383 - filed on April 17, 2001 & Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      9. 01/28/91 — Docket #40: Plan of Reorganization of Charles B. Feldman d/b/a Charles B. Feldman Investments

      10. 01/28/91 — Docket #41: Disclosure Statement of Charles B. Feldman

      11. 12/06/91 — Docket #130: First Amended Disclosure Statement

      12. 12/06/91 — Docket #131: First Amended Plan of Reorganization

      13. 09/21/92 — Docket #176: Order Confirming Plan

      14. 09/24/92 — Docket #178: Modification to First Plan of Reorganization *{Used as Exhibit A to Fee Application #458 - filed on 02/08/02 & Used as Exhibit 3(3c)(A) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

      15. 10/05/92 — Docket #181: Order entered. Post confirmation order and notice

      16. 10/29/92 — Docket #185: Motion for extension of time to file objection to claims — filed by debtor C/S; no notice provisions; order enclosed *{Used as Exhibit to 3(3d) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

      17. 12/21/92 — Docket #195: Plan trustee's notice of and motion to approve 1st quarterly distribution *{Used as Exhibit M(n) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      18. 01/09/95 — Docket #220: Colin K. Kaufman's original response to court's order to show cause, and first post-confirmation application for leave to pay Mr. Moon and

others additional sums. *{Used as Exhibit M(m) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

19. 03/20/95 — Docket #222: Notice of appearance and request for notice from Steven A. Ditto for CKS Asset Management, Inc.

20. 03/20/95 — Docket #223: Notice of assignment of claim (CKS Asset Management is substituted for FDIC).

21. 05/03/95 —/docket #224: order entered. Re: #223 CKS Asset Management, Inc. is substituted in place of FDIC.

22. 07/03/95 — docket #225: motion for order to show cause why CKS Management should not be held in contempt for violation of 11 USC Sec. 1141(c) & (d).

23. 07/18/95 — docket #226: supplement to #225 motion for order to show cause.

24. 09/06/95 — docket #232: courtroom minutes — hearing held 09/06/95 re: #225 M/show cause why CKS mgmt. Should not be held in contempt.  Arguments heard and no appearance by CKS; court orders CKS to remove notices within 10 days.  CKS is further ordered to pay attorneys' fees and expenses in the amount of $4,600.00 of Charles Moon and $3,000.00 of Colin Kaufman.  Order to be submitted by Charles Moon within 10 days.

25. 09/21/95 — docket #233: order entered parties notified.  Re: #232.  Motion granted.  Order Imposing sanctions against CKS Asset Management, Inc. for violation of confirmation order.  CKS to immediately take steps to release all abstracts of judgment, assignment of judgments and similar documents.  All releases to be filed no later than 10 days.  CKS shall pay to debtor the sum of $4,600.00 attorneys' fees and expenses. C. Kaufman authorized to withhold sums which might have been paid to CKS until the $7,600.00 awarded in this Order has been fully paid.

26. 03/01/96 — docket #234: motion of CKS Asset Management, Inc. to obtain relief from order imposing sanctions, order enclosed.

27. 06/12/96 — docket #242: trancript of show cause hearing held September 6, 1995

28. 08/23/96 — docket #250: motion of CKS Asset Mgmt. To enforce and implement confirmed plan and to compel plan trustee to file an accounting and to perform his duties C/S; 20 day notice; order enclosed (Newsom)

29. 09/09/96 — docket #252: plan trustee response to CKS's motion to compel

re: #250

      30.  09/30/96 — docket #258: courtroom minutes — hearing held on 09/30/96 re: #234 motion of CKS Asset Management, Inc. to obtain relief from Order imposing sanctions. Hearing commenced/concluded.  Exhibits offered and admitted.  Witness sworn and questioned. Arguments presented.  The Court will reconsider the order imposing sanctions.

      31.  12/20/96 — docket #261: order entered.  Re: #250 - denying motion of CKS Asset Management to enforce and implement confirmed plan and to compel plan trustee to file an accounting (failure to prosecute).

      32.  04/16/97 — docket #272: plan trustee's fifth report — filed by Colin Kelly Kaufman *{Used as Exhibit M(g) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      33.  05/13/97 — docket #275: plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998; order enclosed. *{Used as Exhibit M(f) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      34.  06/02/97 — docket #278: response of CKS Asset Mgmt. To plan trustee's motion to extend plan term re: #275. *{Used as Exhibit M(e) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      35.  06/04/97 — docket #279: notice of hearing set 07/16/97 @ 9:00am McAllen Re: #275 Plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998.

      36.  06/27/97 — docket #281: plan trustee's response to CK's motion to convert (Kaufman). *{Used as Exhibit M(d) to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

      37.  07/16/97 — docket #284: courtroom minutes — hearing held on 07/16/97. Re#275 plan trustee's third unopposed motion to extend plan term to January 31, 1998.  Hearing previously continued to 08/20/97 @ 9:00am McAllen.

      38.  08/13/97 — docket #287: plant trustee's original partly unopposed motion to employ accountant — filed by Colin K. Kaufman; order enclosed. *{Used as Exhibit 1(1c) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

      39.  08/18/97 — docket #290: objection to claim of Parkwell Investments, Inc. filed by CKS Asset Management, Inc.

40. 09/04/97 — docket #299: response to objection to claim of Parkwell Investments, Inc. - filed by Parkwell Investments, Inc. (Simank).

41. 09/18/97 — docket #306: courtroom minutes: hearing held 09/18/97 Re: #275 plan trustee's sixth report and partly unopposed motion to extend plan term to January 31, 1998. Hearing commenced/concluded. The Court ruled that the debtor will turnover property to the plan trustee to be distributed and sold. Exhibits offered.

42. 09/25/97 — docket #312: order entered. Parties notified. Re:#150; denying CKS Asset Management's Motion to compel and enforce (failure to prosecute).

43. 10/08/97 — docket #314: courtroom minutes: hearing held 10/08/97 Re: #287 plan trustee's motion to employ accountant. Motion granted. Unopposed order submitted and assigned.

44. 10/15/97 — docket #315: order entered. Unopposed order granting plan trustee's application for employment of accountant (Al White) - Granted. *{Used as Exhibit 1(1d) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

45. 02/27/98 — docket #331: response to motion of CKS Mgmt. To withdraw objection to claim of Parkwell Investments, Inc. (Simank)

46. 03/19/98 — docket #337: transcript of hearing held 09/18/97.

47. 01/22/01— docket #363 motion by plant trustee Colin Kelly Kaufman to reopen case.

48. 02/05/01 — docket #364 response by creditor Parkwell Investments, Inc. to motion to reopen case by Colin Kelly Kaufman.

49. 02/09/01 — docket #365 order to set hearing re: [363-1] motion to reopen case by Colin Kelly Kaufman scheduled for 9:00am 03/07/01 in Brownsville.

50. 03/08/01 — docket #376 motion by trustee Colin Kelly Kaufman to sell free and clear of liens hearing set for 9:00am 03/14/01 in Corpus Christi.

51. 03/19/01 — docket #378 objection by creditor CKS Asset Management to [376-1] motion to sell free and clear of liens by Colin Kelly Kaufma          n.

52. 03/27/01 — docket #381 order to set hearing re: [378-1] objection to expedited sale by CKS Asset Mgmt. scheduled for 9:00am 05/09/01 in Brownsville.

53. 04/09/01 — docket #382 motion by trustee Colin Kelly Kaufman to extend time to file final report.

54. 04/18/01 — docket #383 plan trustee's proposed report of distribution. *{Used as Exhibit M(b)[w/o exhibits] to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01 & Exhibit A[w/exhibits]}*

### Exhibit List to Plan Trustee's Proposed Final Report

| | | |
|---|---|---|
| 1. | Exhibit | (Filed) |
| 2. | Exhibit STFN | (Filed) |
| 3. | Exhibit SCHD | (Filed) |
| 4. | Exhibit INVS | (Filed) |
| 5. | Exhibit DCKT | (Filed) |
| 6. | Exhibit PLAN    + | (Filed) |
| 7. | Exhibit TAXR - (includes 1992 - 1997) | (Filed) |
| | a. FREI | |
| | b. Feldman Rentals | |
| | c. Clint Feldman Properties | |
| 8. | Exhibit ATWH | (Filed & Mailed) |

55. 04/18/01 — docket #384 notice of corrected exhibits re: [383-1] distribution report. *{Used as Exhibit B to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

56. 04/24/01 — docket #385 response by creditor CKS Asset Mgmt. To [383-1] proposed distribution report.

57. 04/25/01 — docket #387 motion by creditor CKS Asset Mgmt. To substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newson.

58. 04/25/01 — docket #388 motion by Matthew A. Rosenstein for creditor CKS Asset Mgmt. To expedite hearing re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt., [387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt.

59. 04/26/01 — docket #386 motion by creditor CKS Asset Mgmt. To extend time to respond to plan trustee's final report.

60. 04/26/01 — docket #389 order granting [388-1] motion to expedite hearing re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt., [387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt. Hearing set to 9:00am 04/27/01 in Corpus Christi.

61. 04/27/01 — docket #390 order to set hearing re: [383-1] plan trustee's proposed final report scheduled for 9:00am 06/06/01 in Brownsville.

62. 04/27/01 — docket #391 hearing held re: [386-1] motion to extend time to respond to plan trustee's final report by CKS Asset Mgmt.

63. 04/27/01 — docket #392 hearing held re: 387-1] motion to substitute attorney: Matthew A. Rosenstein for old attorney: R. Kirk Newsom by CKS Asset Mgmt.

64. 04/27/01 — docket #393 order granting motion to extend time to resond to plan trustee's final report by CKS Asset Mgmt. Time extended to May 31, 2001.

65. 04/27/01 — docket #394 plan trustee's notice of mooted hearing.

66. 04/30/01 — docket #395 certificate of service by trustee Colin Kelly Kaufman of [390-1] order setting hearing on plan trustee's proposed final report.

67. 05/16/01 — docket #396 opposed expedited motion by plan trustee Colin Kelly Kaufman for protective order.

68. 05/16/01 — docket #397 motion by Plan trustee Colin Kelly Kaufman to expedite hearing re: motion for protective order by CKK.

69. 05/17/02 — docket #398 response by creditor CKS Asset Mgmt. In opposition to motion for protective order by CKK.

70. 05/17/01 — docket #399 response by trustee CKK to response by CKS Asset Mgmt. On motion for protective order filed by CKK.

71. 05/18/01 — docket #401 hearing held re: opposed expedited motion for protective order by CKK. Motion denied.  Order to be submitted under green sheet by Attorney Rosenstein.
72. 05/18/01 — docket #407 hearing held re: motion for protective order by CKK. Motion denied order to be submitted.

73. 05/21/01 — docket #400 order denying original opposed expedited motion for protective order by CKK.

74. 05/23/01 — docket #402 Order Granting [382-1] Motion To Extend Time To File Final Report by Colin Kelly Kaufman.

75. 5/25/01 -- docket #403  Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" .

76. 5/25/01 -- docket #404  Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Expedite Hearing Re: ( [403-1] Motion To Continue Hearing Re: [383-1]

Chapter 11 Plan Trustee's "Distribution Report" by Matthew A. Rosenstein ).

77. 5/29/01 -- docket #408  Second Amended [383-1] Proposed Final Report of Distribution. Filed by: Trustee Colin Kelly Kaufman. *{Used as Exhibit F to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

78. 5/29/01 -- docket #409  Response By Trustee Colin Kelly Kaufman To [385-1] Response by CKS Asset Management to Plan Trustee's Proposed Final Report and Motion for CKS Asset Management, Inc., to Compel Plan Trustee to Perform an Independent Accounting Prepatory to Filing a Final Report. *{Used as Exhibit E to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

79. 5/30/01 -- docket #405  Order Granting [403-1] Motion To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" by Matthew A Rosenstein Hearing set To 9:00 6/22/01 at 1133 N Shoreline Corpus Christi . Parties Notified.

80. 5/30/01 -- docket #406  Order Granting [404-1] Motion To Expedite Hearing Re: ([403-1] Motion To Continue Hearing Re: [383-1] Chapter 11 Plan Trustee's "Distribution Report" by Matthew A Rosenstein ) by Matthew A Rosenstein Hearing set To 9:00 5/29/01 at 1133 N Shoreline Corpus Christi .

81. 5/30/01 -- docket #410  Objection By Creditor Parkwell Investments Inc To [383-1] Trustee's Proposed Final Distribution Report . cc: TA (vr) [EOD 06/01/01] [90-1254]

82. 5/30/01 -- docket #411  Supplement RE: [385-1] Response in Opposition to Plan Trustee's Proposed Final Report by CKS Asset Management. cc: TA (vr) [EOD 06/01/01] [90-1254]

83. 5/30/01 -- docket #412  Motion by Creditor CKS Asset Management for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds. m/d 6/22/01 (vr) [EOD 06/01/01] [90-1254] *{Used as Exhibit D to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

84. 6/5/01 -- docket #413  Opposed Expedited Motion By Trustee Colin Kelly Kaufman To Compel Production of Documents . Hearing set for 9:00 6/8/01 at 1133 N Shoreline Corpus Christi to lg (swm) [EOD 06/06/01] [90-1254] *{Used as Exhibit G to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

85. 6/5/01 -- docket #414 Motion By Trustee Colin Kelly Kaufman To Expedite Hearing Re: ([413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman ). to lg (swm) [EOD 06/06/01] [90-1254] *{Used as Exhibit G to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar -- dated 08/31/01}*

86. 6/7/01 -- docket #415  Order Granting [414-1] Motion To Expedite Hearing Re: ( [413-1]Motion To Compel Production of Documents by Colin Kelly Kaufman ) Hearing set for 9:00 6/8/01 at 1133 N Shoreline Corpus Christi. Parties Notified. (swm) [EOD 06/07/01] [90-1254]

87. 6/7/01 -- docket #416 Motion By Creditor CKS Asset Management To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee . to lg (swm) [EOD 06/07/01] [90-1254]

88. 6/7/01  -- docket #417 Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Expedite Hearing Re: ( [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management ) . to lg (swm) [EOD 06/07/01] [90-1254]

89. 6/7/01 -- docket #418  Order Granting [417-1] Motion To Expedite Hearing Re: ( [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS  Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management ) Hearing set for 9:00 6/11/01 at 1133 N Shoreline Corpus Christi . Parties Notified. (swm) [EOD 06/07/01] [90-1254]

90. 6/8/01 -- docket #419 Hearing Re: [416-1] Motion To Consolidate Hearing on Trustee's Proposed Final Report With CKS Asset Management, Inc's Motion For Removal Of Trustee by CKS Asset Management continued by agreement to 9:00 6/22/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 06/08/01] [90-1254]

91. 6/8/01 -- docket # 420 Hearing Re: [413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman continued to 9:00 6/22/01 at 1133 N Shoreline Corpus Christi. Arguments presented. Tax returns to be provided by 6/13/01. (swm) [EOD 06/08/01] [90-1254]

92. 6/8/01 -- docket #421  Order Granting in Part [413-1] Motion To Compel Production of  Documents by Colin Kelly Kaufman And Continuing Hearing Re: [413-1] Motion To Compel Production of Documents by Colin Kelly Kaufman. Hearing reset for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi . Parties Notified.  (swm) [EOD 06/08/01] [90-1254]

93. 6/8/01 -- docket #422  Order to Set Hearing RE: [408-1] Second Amended To Proposed Final Report by Colin Kelly Kaufman scheduled for 9:00 6/22/01 at 1133 N Shoreline

Corpus Christi Parties Notified. (swm) [EOD 06/08/01] [90-1254]

94. 6/11/01 -- docket #423 Objection By Creditor CKS Asset Management To [408-1] Second Amendment to Proposed Final Report by Colin Kelly Kaufman . (swm) [EOD 06/12/01] [90-1254]

95. 6/13/01 -- docket # 424  Opposed Expedited Motion By Trustee Colin Kelly Kaufman to Cancel CKS's Claim, Or Alternatively To Assign CKS's Claim , Or Set-Off Its Potential Dividend To Plan Trustee To Secure Fees (swm) [EOD 06/13/01]  [90-1254] *{Used as Exhibit H to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

96. 6/13/01 -- docket # 425  Motion By Trustee Colin Kelly Kaufman To Expedite Hearing Re: ( [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman ) to lg. (swm) [EOD 06/13/01] [90-1254] *{Used as Exhibit I to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

97. 6/13/01 -- docket # 426  Response By Trustee Colin Kelly Kaufman To [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . to lg (swm) [EOD 06/13/01] [90-1254] *{Used as Exhibit H to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

98. 6/14/01 -- docket # 427  Order to Set Hearing RE: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management scheduled for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi Parties Notified. (swm) [EOD 06/14/01] [90-1254]

99. 6/14/01 -- docket # 428  Order Granting [425-1] Motion To Expedite Hearing Re: (424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman ) Hearings set for 9:00 6/22/01 at 1133 N Shoreline Corpus Christi Parties Notified. (swm) [EOD 06/14/01] [90-1254]

100. 6/18/01 -- docket # 429  Response By Creditor Parkwell Investments Inc To [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . (swm) [EOD 06/18/01] [90-1254]

101. 6/18/01-- Complaint (01-2090) Colin Kelly Kaufman vs. Charles B Feldman. NOS 454 Recover Money/Property . ( Filing Fee $ r 150.00 Receipt # 952513) (jh) [EOD 06/21/01] [01-2090] *{Used as Exhibit J to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01 }*

102. 6/22/01 -- docket # 430 Objection By Debtor Charles B Feldman To [408-1] Amended Trustee's Final Report by Colin Kelly Kaufman . (swm) [EOD 06/22/01] [90-1254]

103. 6/22/01 -- docket # 431 Hearing Re: [408-1] Trustee's Second Amended Proposed Final Report of Distribution by Colin Kelly Kaufman continued to 6/27/01 by telephone conference. Parties will be advised as to time. (swm) [EOD 06/25/01] [90-1254]

104. 6/22/01 -- docket # 432 Hearing Re: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management continued to 6/27/01 by telephone conference. Parties will be advised as to time. (swm) [EOD 06/25/01] [90-1254]

105. 6/22/01 -- docket #433 Creditor CKS Asset Management Witness and Exhibit List (swm) [EOD 06/25/01] [90-1254]

106. 6/22/01 -- docket # 434 Trustee Colin Kelly Kaufman Witness and Exhibit List (swm) [EOD 06/25/01] [90-1254]

107. 6/22/01 -- docket # 435 Motion By Matthew A Rosenstein for Creditor CKS Asset Management To Continue Hearing Re: [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's Claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman to lg (swm) [EOD 06/25/01] [90-1254]

108. 6/22/01 -- docket # 436 Response By Creditor CKS Asset Management To [424-1] Motion to Cancel CKS's Claim by Colin Kelly Kaufman, [424-2] Motion To Assign CKS's claim by Colin Kelly Kaufman, [424-3] Motion Set-Off Its Potential Dividend To Plan Trustee To Secure Fees by Colin Kelly Kaufman . (swm) [EOD 06/25/01] [90-1254]

109. 6/22/01 -- docket # 437 Proposed Findings of Fact and Conclusions of Law Re: [408-1] Second Amended Final Report by Colin Kelly Kaufman . Parties Notified. (swm) [EOD 06/25/01] [90-1254]

110. 6/26/01 -- docket # 438 Status report filed by Letty Garza. Closing arguments on #408 and 412 set for 6/27/01 2:00 pm. Rosenstein will notify all parties. (swm) [EOD 06/26/01] [90-1254]

111. 6/26/01-- Hearing On Final Arguments Re: [408-1] Amended Final Report by Colin Kelly Kaufman [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management scheduled for 2:00 6/27/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 06/26/01] [90-1254]

112. 6/27/01 -- docket # 439  Plan Trustee's Proposed Findings of Fact and Conclusions of Law Re: [383-1] Distribution Report, [408-1] Second Amended Distribution Report and [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management . (swm) [EOD 06/27/01] [90-1254] *{Used as Exhibit L to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

113. 6/27/01 -- docket # 440  Hearing Re: [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management. Final arguments presented. Copy of relevant docket entries to be submitted by the trustee to court by 9:00 a.m. on 6/28/01. Copies of all accounting to be submitted by trustee to Court by 9:00 on 6/28/01. Court will rule at 3:00 6/28/01 at 1133 N Shoreline Corpus Christi (swm) [EOD 6/28/01] [90-1254]

114. 6/28/01 -- docket # 441  Trustee Colin Kelly Kaufman's Copies of Documents Relating to Plan Trustee's Accountings (swm) [EOD 06/29/01] [90-1254] *{Used as Exhibit M to Hon. Keith P. Ellison, U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar -- dated 08/31/01 & as Exhibit 5 to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

### List of Enclosures

A.    Exhibits to 2nd Amendment to Plan Trustee's Proposed Final Report (docket #408):
        Feldman Estate Payments Corrected Summary
        Feldman Estate Deposit Summary (Frost IOLTA Account)
        Feldman Claims Register

B.    Plan Trustee's Proposed Final Report (docket #383)

C.    Plan Trustee's Seventh Report (COS says served "on the persons who appeared in court on this matter on September 18, 1997 - Plan Trustee and SKK gave copy to CKS Asset Mgmt. after court)

D.    Plan Trustee's Response to CKS' Motion to Convert (docket #281)

E.    Response of CKS Asset Management, Inc. to Plan Trustee's Motion to Extend Plan Term - May 29, 1997 (docket #278) - (CKS's Motion to Convert to Chapter 7)

F.    Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to January 31, 1998 (docket #275)

G.    Plan Trustee's Fifth Report - April 16, 1997 (docket #272)

H.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (4th Accounting) (handed out in court)

I.    Plan Trustee's Record or Receipts and Expenditures in the Charles Feldman Bankruptcy
      (3rd Accounting) (handed out in court)

J.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (2nd Accounting) (handed out in court)

K.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (1st Accounting) (mailed out on September 20, 1995)

L.    Notice of Assignment of Claim (CKS Asset Mgmt. is substituted for FDIC) (S. Ditto m/d 04/29/95) (docket #223) -
      filed March 20, 1995

M.    Colin K. Kaufman's Original Response to Court's Order to Show Cause, and First Post-
      Confirmation Application for Leave to Pay Mr. Moon and Others Additional Sums - January 9, 1995 (docket #220)

N.    Plan Trustee's Notice of and Motion to Approve 1st Quarterly Distribution - December 21, 1992 (docket #197)

    115.  6/28/01 -- docket # 442  Hearing Held Re: [412-1] Motion for Removal of Trustee,
For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to
Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset Management .
Matters in this case that are still under advisement were clarified on record. Plan contemplated
fee applications were not required. Trustee would not have to file fee applications to be paid.
Trustee to be paid at lawyer rate. Fiduciary duty is owed by trustee to plan. Duty also requires
that fees and expenses should not exceed the estate assets. Detailed clarification of case and
Court's review of all matters and germane docket entries were stated on record. No creedence to
Court that trustee was obscuring or hiding any facts. Edwards v Hollaman was cited. Adequate
accounting was not given in this case. Payments were made by trustee to trustee before services
were rendered. Substantial matters are yet to be heard in this case. Outstanding issues were
clarified on record. New trustee should be appointed to continue this case. Court will withhold at
this time ruling on fees yet due to plan trustee. (swm) [EOD 06/29/01] [90-1254]

    116.  6/29/01 -- docket # 443  Order Granting in Part [412-1] Motion for Removal of
Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for
Damages to Estate for Breach of Fiduciary Duty and Misapplication of Funds by CKS Asset
Management . Colin Kaufman is removed as Plan Trustee. The United States Trustee is ordered
to appoint a Successor Trustee. Parties Notified. (swm) [EOD 06/29/01] [90-1254] *{Used as
Exhibit 4(4e)to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison,
Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated
03/12/02 which is used as an exhibit from docket #467 labeled CKS 24}*

    117.  7/3/01 -- docket # 444  Transcript of Hearing Held on 6/28/01 (swm) [EOD
7/03/01] [90-1254]*{Used as Exhibit N to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated
08/13/01 & to Richard Russell w/State Bar — dated 08/31/01 - see hearing held docket #442}*

118. 7/3/01 -- docket # 445  Motion by Creditor CKS Asset Management For Clarification and Correction Of Order Removing Plan Trustee md 7/26 (swm) [EOD 07/05/01] [90-1254]

119. 7/23/01 -- docket # 446  Response By Trustee Colin Kelly Kaufman To [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management . to lg (swm) [EOD 07/24/01] [90-1254] *{Used as Exhibit O to Hon. Keith P. Ellison, Esq., U.S. District Judge -- dated 08/13/01 & to Richard Russell w/State Bar — dated 08/31/01}*

120. 7/24/01 -- docket # 447  Motion by US Trustee To Further Modify Modification To First Amended Plan Confirmed By Order Dated October 5, 1992 md 8/17 (swm) [EOD 7/25/01] [90-1254]

121. 7/24/01 -- docket # 448  Post-Trial Brief By Matthew A Rosenstein for Creditor CKS Asset Management In Support Of [412-1] Disgorgement of Unreasonable Fees Taken Without Court Approval (swm) [EOD 07/25/01] [90-1254]

122. 7/26/01 -- docket # 449  Order to Set Hearing RE: [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management scheduled for 9:00 9/12/01 at 600 E Harrison, Brownsville Parties Notified. (swm) [EOD 07/26/01] [90-1254]

123. 7/30/01 -- docket # 450  Certificate Of Service By Matthew A Rosenstein for Creditor CKS Asset Management Of [449-1] Order Setting Hearing on Motion for Clarification and Correction of Order Removing Plan Trustee. (swm) [EOD 07/31/01] [90-1254]

124. 8/21/01 -- docket # 451  Order Granting [447-1] Motion To Further Modify Modification To First Amended Plan Confirmed By Order Dated October 5, 1992 by US Trustee D Michael Boudloche is named as Plan Trustee. Parties Notified. (swm) [EOD 08/21/01][90-1254]

125. 9/12/01 -- docket # 452  Trustee Colin Kelly Kaufman's Outline of Arguments on September 12, 2001. (swm) [EOD 09/13/01] [90-1254]

126. 9/12/01 -- docket # 453  Hearing Held Re: [445-1] Motion For Clarification and Correction Of Order Removing Plan Trustee by CKS Asset Management . Agreed Order presented and signed. (swm) [EOD 09/13/01] [90-1254]

127. 9/13/01 -- docket # 454  Agreed Corrected Order Granting in Part, Denying in Part [412-1] Motion for Removal of Trustee, For Disgorgement of Unreasonable Fees Taken Without Court Approval and for Damages to Estate for Breach of Fiduciary Duty and Misapplication of

-30-

Funds by CKS Asset Management. Parties Notified. (swm) [EOD 09/13/01] [90-1254] *{Used as Exhibit 4(4e) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02 & as Exhibit CKS 25 to docket #467}*

128.  9/18/01 -- docket # 455  Application By Trustee D Michael Boudloche To Employ Michael B Schmidt as Attorney . to lg (swm) [EOD 09/18/01] [90-1254]

129.  9/20/01 -- docket # 456  Order Granting [455-1] Application To Employ Michael B Schmidt as Attorney by D Michael Boudloche . Parties Notified. (swm) [EOD 09/20/01][90-1254]

130.  1/29/02 -- docket # 457  Order Setting Deadlines on Final Fee Application of Colin K Kaufman - February 8, 2002 and Setting Hearing Thereon - February 22, 2002  9:00 in Corpus Christi . Parties Notified. (seh) [EOD 01/29/02] [90-1254]

131.  2/8/02 -- docket # 458  Final Application By Trustee Colin Kelly Kaufman For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser Last Day to Object: 3/4/02 md 3/4 (seh) [EOD 02/12/02][90-1254] *{Used as Exhibit 3(3c) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

**Exhibit List**

**Tab 1**
1a --  Accounting of James P. Moon of Aug. 22, 1997 (faxed and first class mail to Steve Ditto's attorney, Mr. Newsom).

1b --  Docket entry referring to Al White, CPA's employment

1c --  Motion to employ Al White as accountant for the bankruptcy estate with exhibits showing purpose of employment was to answer requests of Steve Ditto/CKS

1d --  Order approving employment of Al White as CPA for the bankruptcy estate

**Tab 2 -- DOCUMENTS RE: RULINGS**

2a --  Ruling of Hon. George P. Kazen, Chief U.S. District Judge -- dated December 6, 2001

2b --  Transcript of ruling of Hon. Richard S. Schmidt  -- dated June 28, 2001

2c --  Notice of filing of Colin K. Kaufman's Post-Hearing letter memorandum of issues presented -- filed and delivered March 5, 2002 (15-pg. Letter setting out issues presented on fee application)

2d --  Memorandum opinion and order on Colin Kelly Kaufman's final fee application -- entered March 7, 2002 (Brownsville Division) by Hon. Richard S. Schmidt

**Tab 3 -- EXHIBITS (Judge took judicial notice of the entire file and all exhibits filed before).**

3a --  Exhibit list of February 22, 2002

3b --  Proffer of former plan trustee's testimony regarding benefits bestowed on the estate (shows over $2 million in benefits

for items listed)

3c — Colin Kelly Kaufman's final fee application for work done to date benefitting estate or on account of service as former plan trustee — filed on February 8, 2002

Exhibits to Item 3c (fee application to date):

Exhibit A —        Modification to First Amended Plan of Reorganization of Charles B. Feldman d/b/a/ Charles B. Feldman Investments
Exhibit B —        Invoice for services rendered — dated February 6, 2002

Exhibit C —        Expert Witness Data Sheet of Colin Kelly Kaufman
Exhibit D —        One Page Summary
Exhibit E —        Adversary cover sheet with Plan Trustee's Original Complaint
(Includes a copy of the proposed final report without exhibits, and a summary of damages)
Exhibit F —        Feldman's Individual Income Tax Returns — for years of 1993 thru 1997
(Showing several hundred thousands of CD's and T-Bills)
Exhibit G —        Feldman Rentals Income Tax Returns — for years of 1993 thru 1997
(Proposed final report reveals money owed to the estate)
Exhibit H —        Feldman Real Estate, Inc., Income Tax Returns — for years of 1993 thru 1997
(Proposed final report reveals money owed to the estate)
Exhibit I —        Clara Feldman Properties Income Tax Returns — for years of 1993 thru 1997
(Proposed final report reveals money owed to the estate)

3d — Motion for extension of time to file objection to claims by James Moon on behalf of Charles Feldman, debtor — dated October 28, 1992 (asking for more time so that former plan trustee could participate in the review and evaluation of claims and potential objections) — exhibit admitted into evidence in the courtroom.

3e — FAX from Frost Bank re: trust department, exhibit admitted into evidence in the courtroom (bank would have refused the trustee work based on ongoing litigation disclosing hourly fees charged for unusual responsibilities and attorneys fees charged for all legal work) (would have been another layer of administrative expenses)

## Tab 4 — OBJECTIONS AND RESPONSES FOR THE COURT HEARING ON FEBRUARY 22, 2002

4a — Trustee's objection to Kaufman's final fee application as plan trustee — filed Feb. 15, 2002 by attorney Mike Schmidt for new plan trustee Mike Boudloche

4b — Applicant's response to Mike Boudloche's objection to his fee application — filed Feb. 21, 2002 w/exhibits

4c — CKS Asset Management, Inc.'s objection to "Colin Kelly Kaufman's final fee application for work done to date benefitting estate or on account of service as former plan trustee" — filed Feb. 15, 2002 w/exhibits

4d — Applicant's response to CKS Asset Management, Inc.'s objection to his fee application — filed Feb. 21, 2002 w/exhibits

4e — CKS Asset Management, Inc.'s exhibit list

## Tab 5 — EXHIBIT M (the letter to Hon. Richard S. Schmidt of June 28, 2001 and the book of accountings he requested which made up part of the basis of his ruling of June 28, 2001, sent before)

### List of Enclosures

A.        Exhibits to 2nd Amendment to Plan Trustee's Proposed Final Report (docket #408):
Feldman Estate Payments Corrected Summary
Feldman Estate Deposit Summary (Frost IOLTA Account)

Feldman Claims Register

B.    Plan Trustee's Proposed Final Report (docket #383)

C.    Plan Trustee's Seventh Report (COS says served "on the persons who appeared in court on this matter on September 18, 1997 - Plan Trustee and SKK gave copy to CKS Asset Mgmt. after court)

D.    Plan Trustee's Response to CKS' Motion to Convert (docket #281)

E.    Response of CKS Asset Management, Inc. to Plan Trustee's Motion to Extend Plan Term - May 29, 1997 (docket #278) - (CKS's Motion to Convert to Chapter 7)

F.    Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to January 31, 1998 (docket #275)

G.    Plan Trustee's Fifth Report - April 16, 1997 (docket #272)

H.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (4th Accounting) (handed out in court)

I.    Plan Trustee's Record or Receipts and Expenditures in the Charles Feldman Bankruptcy (3rd Accounting) (handed out in court)

J.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (2nd Accounting) (handed out in court)

K.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (1st Accounting) (mailed out on September 20, 1995)

L.    Notice of Assignment of Claim (CKS Asset Mgmt. is substituted for FDIC) (S. Ditto m/d 04/29/95) (docket #223) - filed March 20, 1995

M.    Colin K. Kaufman's Original Response to Court's Order to Show Cause, and First Post-Confirmation Application for Leave to Pay Mr. Moon and Others Additional Sums - January 9, 1995 (docket #220)

N.    Plan Trustee's Notice of and Motion to Approve 1st Quarterly Distribution - December 21, 1992 (docket #197)

132.    2/15/02 -- docket # 459  Objection By Creditor CKS Asset Management To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . to lg (seh) [EOD  02/19/02] [90-1254] *{Used as Exhibit 4(4c) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

133.    2/15/02 -- docket # 460  Objection By Trustee D Michael Boudloche To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . to lg (seh) [EOD 02/19/02] [90-1254] *{Used as Exhibit 4(4a) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

134.    2/19/02-- Hearing Re: [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman scheduled for 9:00 2/22/02 at 1133 N Shoreline Corpus Christi (seh) [EOD 02/19/02] [90-1254]

135. 2/21/02 -- docket # 461  Response By Trustee Colin Kelly Kaufman To [460-1] Objection by D Michael Boudloche To Application for Fees. (seh) [EOD 02/22/02] [90-1254] *{Used as Exhibit 4(4b) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

136. 2/21/02 -- docket # 462  Response By Trustee Colin Kelly Kaufman To [459-1] Objection by CKS Asset Management to Application for Fees. (seh) [EOD 02/22/02] [90-1254] *{Used as Exhibit 4(4d) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

137. 2/21/02 -- docket # 463  Objection By Creditor Parkwell Investments Inc To [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . (seh) [EOD 02/22/02] [90-1254]

138. 2/21/02 -- docket # 463  Support By Creditor Parkwell Investments Inc To [460-1] Objection by D Michael Boudloche to Application For Fees. (seh) [EOD 02/22/02] [90-1254]

139. 2/21/02 -- docket # 464  Proffer of Trustee Colin Kelly Kaufman's Testimony Regarding Benefits Bestowed on the Estate (seh) [EOD 02/25/02] [90-1254] *{Used as Exhibit 3(3b) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

140. 2/22/02 -- docket # 465  Hearing Re: [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman. Exhibits offered and admitted. Arguments presented. Witness (C K Kaufman) sworn and testimony presented. Witness (Michael Boudloche) sworn and testimony presented. Additional exhibits were discussed and admitted with stipulations on record. Pending issues on this case are in  settlement discussions. Court will be informed by 3/8/02 as to the results of those discussions, if not settled, then a trial will be set for 9:00 3/22/02 at 1133 N Shoreline Corpus Christi. Court will issue a written ruling in the matter heard this date. Under Advisement. (seh) [EOD 02/25/02] [90-1254]

141. 2/22/02 -- docket # 466  Trustee Colin Kelly Kaufman Exhibit List (seh) [EOD 02/26/02] [90-1254] *{Used as Exhibit 3(3a)to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

142. 2/22/02 -- docket # 467  Creditor CKS Asset Management Exhibit List (seh) [EOD 02/26/02] [90-1254] *{Used as Exhibit 4(4e)to Hon. George P. Kazen, Esq, Chief U.S. District*

*Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

143. 2/25/02-- Under Advisement [458-1] Application For Compensation ( Fees: $427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman . (seh) [EOD 02/25/02] [90-1254]

144. 3/5/02 -- docket # 468  Notice Re: Filing of Colin K Kaufman's Post-Hearing Letter Memorandum of Issues to be Presented. (seh) [EOD 03/06/02] [90-1254] *{Used as Exhibit 2(2c) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

145. 3/7/02 -- docket # 469  Memorandum Opinion and Order Granting [458-1] Application For Compensation ( Fees: $ 427,291.50, Expenses: $ 23,634.61) and $2,300 for an appraiser by Colin Kelly Kaufman. Payment to Colin K. Kaufman of $50,000.00 in fees and $13,759.61 in expenses . Parties Notified. (gc) [EOD 03/07/02] [90-1254] *{Used as Exhibit 2(2d) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02& exhibit to Notice of Appeal #471/#472}*

146. 3/12/02 -- docket # 470  Final Judgment For Trustee D Michael Boudloche Against Trustee Colin Kelly Kaufman On Final Fee Application of Colin Kelly Kaufman. Parties Notified. (seh) [EOD 03/12/02] [90-1254] *{Used as Exhibit 2(2d) to Hon. George P. Kazen, Esq, Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02 & exhibit to Notice of Appeal #471/#472}*

147. 03/15/02 — docket #471 notice of appeal.  Receipt number 958246, fee amount. Filed by Colin Kelly Kaufman (related document(s) 469). Appellant designation due by 03/25/2002. (Srus,)(Entered: 03/19/2002).

148. 03/15/02 — docket # 472 notice of appeal.  Receipt number 958246, fee amount. Filed by Colin Kelly Kaufman (related document(s) 470). Appellant designation due by 03/25/2002. (Srus,)(Entered: 03/19/2002).

149. 03/19/02 — docket # 473 notice of retention of BK record pursuant to Local Bankruptcy Rule 8007.  (srus,)(Entered: 03/19/02).

150. 03/19/01 — docket # 474 notice of retention of BK record pursuant to Local Bankruptcy Rule 8007.  (srus,) (Entered: 03/19/02).

151. 06/18/01 — adversary docket #1(01-2090) complaint (01-20-90) Colin Kelly Kaufman, vs. Charles B. Feldman.  NOS 454 Recover Money/Property. (Filing Fee $, r 150.00

Receipt # 952513) (jh) [EOD 06/21/01][01-2090] *{Used as Exhibit J to State Bar letter dated 08/31/01 & as Exhibit 3(3c)(E) to Hon. George P. Kazen, Esq. Chief U.S. District Judge & Hon. Keith P. Ellison, Esq., United States District Judge -- dated 03/08/02 & Richard Russell w/State Bar -- dated 03/12/02}*

152.  07/13/01  — Letter from Hon. Keith P. Ellison, U.S. District Judge re: letter to notify you that a complaint has been filed.

153.  12/06/01 — Letter ruling of Hon. George P. Kazen, Chief United States District Judge (in record as part of Docket #466).

154.  Letters and Exhibits before Hon. George P. Kazen, Esq., Chief United States District Judge (originally sent to Hon. Keith P. Ellison, Esq., United States District Judge on August 13, 2001), showing what was before him when he ruled December 6, 2001.

**Exhibits are as follows:**

Exhibit List

A.   Plan Trustee's Proposed Final Report, with exhibits including Amended Plan, Disclosure Statement, Order Confirming Plan, docket of case, tax returns of some Feldman group entities showing debtor's defaults under the Plan, etc. (04/17/01)

Exhibit List to Plan Trustee's Proposed Final Report

| | | |
|---|---|---|
| 1. | Exhibit | (Filed) |
| 2. | Exhibit STFN | (Filed) |
| 3. | Exhibit SCHD | (Filed) |
| 4. | Exhibit INVS | (Filed) |
| 5. | Exhibit DCKT | (Filed) |
| 6. | Exhibit PLAN | (Filed) |
| 7. | Exhibit TAXR - (Includes 1992 - 1997) | (Filed) |
| | a. FREI | |
| | b. Feldman Rentals | |
| | c. Clara Feldman Properties | |
| 8. | Exhibit ALWH | (Filed & Mailed) |

B.   Notice of Corrected Exhibits to Plan Trustee's Proposed Final Report (04/17/01)

C.   CKS's "Response to Plan Trustee's Proposed Final Report and Motion of CKS Asset Management, Inc. to Compel Plan Trustee to Perform an Independent Accounting Preparatory to Filing a Final Report (04/20/01)

D.   CKS's Motion for Removal of Plan Trustee, for Disgorgement of Fees, and for Damages to Estate (04/29/01)

E.   Plan Trustee's Notice of His Response to "Response to Plan Trustee's Proposed Final Report and Motion of CKS Asset Management, Inc. to Compel Plan Trustee to Perform an Independent Accounting Preparatory to Filing a Final Report." (05/29/01)

F.   Plan Trustee's Second Amendment to His Proposed Final Report (05/29/01)

G.   Plan Trustee's Motion to Expedite Hearing on His Original Opposed Expedited Motion to Compel Production of Documents, Plan Trustee's Original Opposed Expedited Motion to Compel Production of Documents, and orders to

-36-

both (06/05/01)

H.    Plan Trustee's Original Response to CKS's Motion for Removal of Plan Trustee, for Disgorgement of Fees, and for
      Damages to Estate (06/13/01)

I.    Plan Trustee's Original Opposed Expedited Motion to Cancel CKS's Claim, or Alternatively to Assign CKS's Claim or
      Set-Off Its Potential Dividend to Plan Trustee to Secure Fees (06/13/01)

J.    Plan Trustee's Original Complaint with Adversary Cover Sheet (06/18/01)

K.    Feldman's Personal Tax Returns

L.    Plan Trustee's Original Findings of Fact and Conclusions of Law Submitted on His Proposed Final Report and Its
      Amendments and on CKS Asset Management, Inc.'s Motion to Remove Plan Trustee (06/27/01)

M.    Letter of Enclosure (docket #441) of Over Seven Prior Accountings by Plan Trustee (with exhibits) (06/28/01)

### List of Enclosures

A.    Exhibits to 2nd Amendment to Plan Trustee's Proposed Final Report (docket #408):
      Feldman Estate Payments Corrected Summary
      Feldman Estate Deposit Summary (Frost IOLTA Account)
      Feldman Claims Register

B.    Plan Trustee's Proposed Final Report (docket #383)

C.    Plan Trustee's Seventh Report (COS says served "on the persons who appeared in court on this matter on September 18,
      1997 - Plan Trustee and SKK gave copy to CKS Asset Mgmt. after court)

D.    Plan Trustee's Response to CKS' Motion to Convert (docket #281)

E.    Response of CKS Asset Management, Inc. to Plan Trustee's Motion to Extend Plan Term
      - May 29, 1997 (docket #278) - (CKS's Motion to Convert to Chapter 7)

F.    Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to
      January 31, 1998 (docket #275)

G.    Plan Trustee's Fifth Report - April 16, 1997 (docket #272)

H.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (4th Accounting) (handed out in court)

I.    Plan Trustee's Record or Receipts and Expenditures in the Charles Feldman Bankruptcy
      (3rd Accounting) (handed out in court)

J.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (2nd Accounting) (handed out in court)

K.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy
      (1st Accounting) (mailed out on September 20, 1995)

L.    Notice of Assignment of Claim (CKS Asset Mgmt. is substituted for FDIC) (S. Ditto rn'd 04/29/95) (docket #223) - filed
      March 20, 1995

M.    Colin K. Kaufman's Original Response to Court's Order to Show Cause, and First Post-

Confirmation Application for Leave to Pay Mr. Moon and Others Additional Sums - January 9, 1995 (docket #220)

N.    Plan Trustee's Notice of and Motion to Approve 1ˢᵗ Quarterly Distribution - December 21, 1992 (docket #197)

N.    Transcript of the Court's Ruling (06/28/01)

O.    Plan Trustee's Response to CKS's Motion for Reconsideration (07/23/01)

P.    Secs. 507(a) and 1129 of the Bankruptcy Code (11 U.S. Code), and legislative history to the latter

Q.    Expert Witness Data Sheet

154.  03/08/02 — Letters to Hon. George P. Kazen, Chief U.S. District Judge & Hon. Keith P. Ellison, U.S. District Judge re: copy of Judge Schmidt's opinion and order; also enclosed are the writings which were before Judge Schmidt.

**Letter to Hon. George P. Kazen, Esq. — dated March 8, 2002 (enclosing exhibits updating his file, as per his ruling of December 6, 2001)**

### Exhibit List

**Tab 1**

1a —    Accounting of James P. Moon of Aug. 22, 1997 (faxed and first class mail to Steve Ditto's attorney, Mr. Newsom).

1b —    Docket entry referring to Al White, CPA's employment

1c —    Motion to employ Al White as accountant for the bankruptcy estate with exhibits showing purpose of employment was to answer requests of Steve Ditto/CKS

1d —    Order approving employment of Al White as CPA for the bankruptcy estate

**Tab 2 — DOCUMENTS RE: RULINGS**

2a —    Ruling of Hon. George P. Kazen, Chief U.S. District Judge — dated December 6, 2001

2b —    Transcript of ruling of Hon. Richard S. Schmidt — dated June 28, 2001

2c —    Notice of filing of Colin K. Kaufman's Post-Hearing letter memorandum of issues presented — filed and delivered March 5, 2002 (15-pg. Letter setting out issues presented on fee application)

2d —    Memorandum opinion and order on Colin Kelly Kaufman's final fee application — entered March 7, 2002 (Brownsville Division) by Hon. Richard S. Schmidt

**Tab 3 — EXHIBITS (Judge took judicial notice of the entire file and all exhibits filed before).**

3a —    Exhibit list of February 22, 2002

3b —    Proffer of former plan trustee's testimony regarding benefits bestowed on the estate (shows over $2 million in benefits for items listed)

3c --    Colin Kelly Kaufman's final fee application for work done to date benefitting estate or on account of service as former plan trustee — filed on February 8, 2002

Exhibits to Item 3c (fee application to date):

| | |
|---|---|
| Exhibit A — | Modification to First Amended Plan of Reorganization of Charles B. Feldman d/b/a/ Charles B. Feldman Investments |
| Exhibit B — | Invoice for services rendered — dated February 6, 2002 |
| Exhibit C — | Expert Witness Data Sheet of Colin Kelly Kaufman |
| Exhibit D — | One Page Summary |
| Exhibit E — | Adversary cover sheet with Plan Trustee's Original Complaint (Includes a copy of the proposed final report without exhibits, and a summary of damages) |
| Exhibit F — | Feldman's Individual Income Tax Returns — for years of 1993 thru 1997 (Showing several hundred thousands of CD's and T-Bills) |
| Exhibit G — | Feldman Rentals Income Tax Returns — for years of 1993 thru 1997 (Proposed final report reveals money owed to the estate) |
| Exhibit H — | Feldman Real Estate, Inc., Income Tax Returns — for years of 1993 thru 1997 (Proposed final report reveals money owed to the estate) |
| Exhibit I — | Clara Feldman Properties Income Tax Returns — for years of 1993 thru 1997 (Proposed final report reveals money owed to the estate) |

3d --    Motion for extension of time to file objection to claims by James Moon on behalf of Charles Feldman, debtor — dated October 28, 1992 (asking for more time so that former plan trustee could participate in the review and evaluation of claims and potential objections) — exhibit admitted into evidence in the courtroom.

3e --    FAX from Frost Bank re: trust department, exhibit admitted into evidence in the courtroom (bank would have refused the trustee work based on ongoing litigation disclosing hourly fees charged for unusual responsibilities and attorneys fees charged for all legal work) (would have been another layer of administrative expenses)

## Tab 4 — OBJECTIONS AND RESPONSES FOR THE COURT HEARING ON FEBRUARY 22, 2002

4a --    Trustee's objection to Kaufman's final fee application as plan trustee — filed Feb. 15, 2002 by attorney Mike Schmidt for new plan trustee Mike Boudloche

4b --    Applicant's response to Mike Boudloche's objection to his fee application — filed Feb. 21, 2002 w/exhibits

4c --    CKS Asset Management, Inc.'s objection to "Colin Kelly Kaufman's final fee application for work done to date benefitting estate or on account of service as former plan trustee" — filed Feb. 15, 2002 w/exhibits

4d --    Applicant's response to CKS Asset Management, Inc.'s objection to his fee application — filed Feb. 21, 2002 w/exhibits

4e --    CKS Asset Management, Inc.'s exhibit list

## Tab 5 — EXHIBIT M (the letter to Hon. Richard S. Schmid of June 28, 2001 and the book of accountings he requested which made up part of the basis of his ruling of June 28, 2001, sent before)

### List of Enclosures

A.    Exhibits to 2nd Amendment to Plan Trustee's Proposed Final Report (docket #408)
          Feldman Estate Payments Corrected Summary
          Feldman Estate Deposit Summary (Frost IOLTA Account)
          Feldman Claims Register

B.    Plan Trustee's Proposed Final Report (docket #383)

C.    Plan Trustee's Seventh Report (COS says served "on the persons who appeared in court on this matter on September 18, 1997 - Plan Trustee and SKK gave copy to CKS Asset Mgmt. after court)

D.    Plan Trustee's Response to CKS' Motion to Convert (docket #281)

E.    Response of CKS Asset Management, Inc. to Plan Trustee's Motion to Extend Plan Term - May 29, 1997 (docket #278) - (CKS's Motion to Convert to Chapter 7)

F.    Plan Trustee's Sixth Report and Partly Unopposed Motion to Extend Plan Term to January 31, 1998 (docket #275)

G.    Plan Trustee's Fifth Report - April 16, 1997 (docket #272)

H.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (4th Accounting) (handed out in court)

I.    Plan Trustee's Record or Receipts and Expenditures in the Charles Feldman Bankruptcy (3rd Accounting) (handed out in court)

J.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (2nd Accounting) (handed out in court)

K.    Plan Trustee's Record of Receipts and Expenditures in the Charles Feldman Bankruptcy (1st Accounting) (mailed out on September 20, 1995)

L.    Notice of Assignment of Claim (CKS Asset Mgmt. is substituted for FDIC) (S. Ditto m/d 04/29/95) (docket #223) - filed March 20, 1995

M.    Colin K. Kaufman's Original Response to Court's Order to Show Cause, and First Post-Confirmation Application for Leave to Pay Mr. Moon and Others Additional Sums - January 9, 1995 (docket #220)

N.    Plan Trustee's Notice of and Motion to Approve 1st Quarterly Distribution - December 21, 1992 (docket #197)

155.  03/15/02  — Letters to Hon. George P. Kazen, Chief U.S. District Judge and Hon. Keith P. Ellison, U.S. District Judge re: another "final judgment" w/ exhibits enclosed.

### EXHIBIT LIST

1.  Final Judgment on final fee application of Colin Kelly Kaufman (docket #470 - entered 03/12/02)

2.  Colin Kelly Kaufman's Original Notice of Appeal - filed on 03/15/02)

3.  Memorandum Opinion and order on Colin Kelly Kaufman's final fee application (docket #469 — entered 03/07/02)

156.  06/22/01 — Transcript of hearing held on June 22, 2001.

157.  06/26/01 — Transcript of hearing held on June 26, 2001.

158.  06/27/01 — Transcript of hearing held on June 27, 2001.

159.  09/12/01 — Transcript of hearing held on September 12, 2001.

160.  02/22/02 — Transcript of hearing held on February 22, 2002.

161. ITEMS 161-194 Intentionally Left Blank.-- these items were from district court

proceedings which were appealed to the Fifth Circuit in a different part of the case, and it would cause confusion to have two different sets of items designated as parts of the record at different times with the same numbers.

195. 02-05-03 – Docket of Case # 90-01254 from September 15, 2002 – February 5, 2003.

196. 10-23-02 – Dkt. # 499, Mike Schmidt's First Application for Compensation ($24,500 plus expenses.)

197. 10-31-02 – Dkt. # 500, Mike Boudloche's Motion to approve compromise and settlement for $25,000.

198. 11-18-02 – Dkt. # 501, Colin K. Kaufman's Response to Mike Boudloche's Motion to approve compromise and settlement.

199. 11-19-02 – Dkt. # 504, Order granting Mike Schmidt's First Application for Compensation.

200. 01-06-03 – Dkt. # 522, Amended Response to Mike Schmidt motions.

201. 01-06-03 – Dkt. # 523, Colin Kelly Kaufman's Proffer of Evidence at Mike Boudloche's Motion to Approve Compromise and Settlement.

202. 01-06-03 – Dkt. # 528, Mike Boudloche's Exhibit List at the Hearing on January 6, 2003.

203. 01-06-03 – Dkt. # 529, Colin Kelly Kaufman's Exhibit List at the Hearing on January 6, 2003.

** 204. 01-06-03 – Dkt. # ___, transcript ordered – hearing of January 6, 2003.

205. 01-13-03 – Dkt. # 531, Proposed order submitted by Michael Boudloche.

206. 01-13-03 – Dkt. # ___, transcript ordered – hearing of January 13, 2003 re: Dkt. # 500.

207. 01-14-03 – Dkt. # 536, Order of 01-14-03, entered 01-17-03, approving settlement agreement (same also entered on adversary docket).

208. 01-27-03 – Dkt. # 538, Colin Kelly Kaufman's Notice of Appeal (i.e., from bankruptcy court to federal district court).

209.  01-06-03 – Dkt. # _ _, Colin Kelly Kaufman's Original Designation of Record and Issues on Appeal in the Compromise and Settlement of Adversary # 01-2090 (i.e., this same kind of designation of record and issues, only on appeal to federal district court from the bankruptcy court).

Respectfully Submitted,

Colin Kelly Kaufman, in propria personam
State Bar of Texas # 11113000
So. Dist. Federal ID # 9242

Colin Kelly Kaufman, Attorney at Law
1106 Third St. 78404-2312
P. O. Box 1662
Corpus Christi, TX. 78403-1662
Telephone (361) 888-8865
Telecopier (361) 888-8172

## Certificate of Service

I certify I had one of the personnel at this law office serve the foregoing writing on the persons shown on the list below, by U.S. mail, first class postage prepaid, this 9th day of April, 2004.

Colin Kelly Kaufman

## Adversary Compromise & Settlement Appeal Service List

Michael B. Schmidt, 555 No. Carancahua, Suite 1550, Corpus Christi, TX. 78478; FAX (361) 884-6000
James P. Moon, 1666 N. Hampton Rd., Suite 202, DeSoto, TX. 75115; FAX (469) 567-1533
C. K. Kaufman, PO Box 1662, Corpus Christi, TX. 78403-1662; FAX (361) 888-8172